John H. **OLDLAND**, Plaintiff,

v.

Jerome **KURTZ**, Commissioner of the Internal Revenue Service; W. E. Williams, Acting Commissioner; G. L. Mihlbachler, District Director; Mr. Nicoletti, Person to Contact; K. Kohler, Agent; William Wheatley, Revenue Officer; and, R. E. Evers, Revenue Officer, Defendants.

Robert V. **GLIDEWELL**, Plaintiff,

v.

Jerome **KURTZ**, Commissioner of the Internal Revenue Service; W. E. Williams, Acting Commissioner; G. L. Mihlbachler, District Director; Mr. Nicoletti, Person to Contact; Pam Moore, Agent; William Wheatley, Revenue Officer; and, R. E. Evers, Revenue Officer, Defendants.

Mikel D. **PICKERING**, Plaintiff,

v.

Jerome **KURTZ**, Commissioner of the Internal Revenue Service; W. E. Williams, Acting Commissioner; G. L. Mihlbachler, District Director; Mr. Nicoletti, Person to Contact; Kyle D. Kohler, Agent; Robert E. Evers, Agent; and, William Wheatley, Revenue Officer, Defendants.

Jerry D. **PRICHARD**, Plaintiff,

v.

Jerome **KURTZ**, Commissioner of the Internal Revenue Service; W. E. Williams, Acting Commissioner; G. L. Mihlbachler, District Director; Mr. Nicoletti, Person to Contact; Kyle D. Kohler, Agent; R. E. Evers, Revenue Officer; and, William Wheatley, Revenue Officer, Defendants.

---

Ronald L. BATES, Plaintiff,

v.

Jerome KURTZ, Commissioner of the Internal Revenue Service; W. E. Williams, Acting Commissioner; G. L. Mihlbachler, District Director; Pam Moore, Agent; V. P. Nicoletti, Agent; R. E. Evers, Revenue Officer; and, Leo H. Kordsmeier, Revenue Officer, Defendants.

Jeffrey J. WALBRIDGE and Gretchen J. Walbridge, Plaintiffs,

v.

Jerome KURTZ, Commissioner of the Internal Revenue Service; W. E. Williams, Acting Commissioner; G. L. Mihlbachler, District Director; Mr. Nicoletti, Person to Contact; Leo H. Kordsmeier; William Wheatley; and Unknown Examiner, Defendants.

Earl H. ALMOND, Jr., Plaintiff,

v.

Jerome KURTZ, Commissioner of the Internal Revenue Service; W. E. Williams, Acting Commissioner; G. L. Mihlbachler, District Director; Mr. Gullion, Person to Contact; and, Kyle D. Kohler, Agent, Defendants.

Arnold L. MILLER and Rebecca R. Miller, Plaintiffs,

v.

Jerome KURTZ, Commissioner of the Internal Revenue Service; W. E. Williams, Acting Commissioner; G. L. Mihlbachler, District Director; George C. Young, District Counsel; Larry R. Hyatt, Chief Criminal Investigation Division; Mr. Gullion, Person to Contact; Hal Kaye, Agent; Michael J. L. Kelly, Agent; and, Does A to Z, Defendants.

Civ. A. Nos. 81–K–275, 81–K–298, 81–K–310, 81–K–326, 81–K–330, 81–K–516, 81–K–583 and 81–K–726.

United States District Court,
D. Colorado.
Nov. 25, 1981.

John H. Oldland, pro se.

William A. Bower, Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDERS

KANE, District Judge.

The complaints in these eight cases state identical or very similar allegations. Defendants have filed identical or very similar motions in each. I therefore consider all of the issues together.

Plaintiffs state three general allegations: [1]

(1) the income tax is an excise or privilege tax which does not apply to them;

(2) IRS employees have a statutory or constitutional duty to answer plaintiffs' questions about the legal basis for their tax liabilities; and,

(3) defendants are liable for punitive and compensatory damages because they deprived plaintiffs of their constitutionally protected right of equal protection of the laws.

Plaintiff seeks writs of mandamus, declaratory judgments, and damages against the defendants, IRS employees who are be-

ing sued in their official and individual capacities. They also seek refunds of income taxes that they previously paid.

Defendants moved to dismiss, under F.R. Civ.P. 12(b)(1), arguing that this court lacks subject-matter jurisdiction to hear these complaints. They also moved to dismiss under F.R.Civ.P. 12(b)(6), arguing that plaintiffs fail to state a claim upon which relief may be granted and that these suits are barred by the doctrine of sovereign immunity. Defendants moved alternatively for summary judgment, pursuant to F.R. Civ.P. 56. I conclude that this court has subject-matter jurisdiction to hear all of these claims, except for the refund claims, under 28 U.S.C. § 1331(a). I will consider subject-matter jurisdiction over the refund claims separately.

Personal jurisdiction is lacking for the damage claims against defendants Kurtz and Williams because they have not been properly served. In an action for damages against federal officials in their individual capacities the officials must be served personally. *Griffith v. Nixon*, 518 F.2d 1195, 1196 (2d Cir.), *cert. denied*, 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975). I therefore dismiss the individual damage claims against these two defendants. On all of the other claims, I now grant defendants' motions to dismiss for failure to state a claim.[2]

## I. PLAINTIFFS' TAX LIABILITY

Plaintiffs allege that the filing requirements of the Internal Revenue Code (26 U.S.C.) do not apply to them because the tax levied is an excise tax, which is binding

---

1. F.R.Civ.P. 8(a)(2) requires that the complaint be a short, concise statement showing that the plaintiff is entitled to relief. The complaints here are vague and repetitive. However, Rule 8 is to be construed liberally and a complaint that gives the defendant "fair notice of what plaintiff's claim is and the grounds upon which it rests" complies with the rule. *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). Also, I am not to hold *pro se* complaints to the same standard that I impose on trained lawyers. See *Haines v. Kerner*,

404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam). I conclude that these complaints comply with Rule 8.

2. Because of my disposition of this case, I do not reach defendants' alternate contention that these suits are barred by sovereign immunity. I also do not consider defendant's summary judgment motions. I therefore do not consider any of the affidavits submitted and do not reach plaintiffs' contentions that they are being "tried by affidavit".

only on those who receive privileges.[3] They further contend that, even if income tax is not an excise tax, they still cannot be required to file because the code does not define wages or income and because plaintiffs cannot be identified as persons who are required to file. Plaintiffs seek writs of mandamus compelling defendants to accept their determinations that they are not subject to the code's requirements.

◼ In stating their claim that the income tax is a privilege tax, plaintiffs argue that they are not challenging the constitutionality of the code, but only that the code does not apply to them because they have not received any taxable privileges. Plaintiffs cannot prevail on this theory without a determination that the taxing statutes are unconstitutional. By its express terms, section 61 taxes "all income from whatever source derived." In passing this section "Congress applied no limitations as to source of taxable receipts, nor restrictive labels as to their nature, but intended to tax all gains except those specifically exempted." *Commissioner v. Kowalski*, 434 U.S. 77, 82–83, 98 S.Ct. 315, 318–19, 54 L.Ed.2d 252 (1977) (quoting *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–30, 75 S.Ct. 473, 475–76, 99 L.Ed. 483 (1955)). Plaintiffs' theory directly conflicts with the all-inclusive scope of section 61.[4]

◼ Plaintiffs also contend that the code lacks necessary specificity. Section 6012 identifies those persons who are required to make returns. It expressly applies to "every individual" and therefore explicitly includes plaintiffs. The language of section 61 is sufficient to manifest a congressional intent to exert its income taxing power over all income. See *Blassie v. Commissioner*, 394 F.2d 628, 630 (8th Cir. 1968). Although the word "wages" does not appear in section 61, wages are clearly included in section 61(a)(1), which states that income received includes "compensation for services . . ." Plaintiffs' claims that they are not subject to the code's filing requirements are therefore without merit.[5]

## II. DEFENDANTS' DUTY TO ANSWER PLAINTIFFS' QUESTIONS

Plaintiffs incorporate into their complaints letters and other communications which they sent to defendants. In these materials plaintiffs asked defendants to answer two principal questions:

(1) what is the act or activity out of which the need to pay arises; and,

(2) what is the condition precedent to the requirement the plaintiffs must file.

Defendants did not answer these questions, but advised plaintiffs that the Internal Revenue Code is the answer. Defendants further informed plaintiffs that they could challenge the determination of their tax liabilities in tax court by filing a timely petition, or in district court after they had paid their deficiency assessment, filed refund claims, and had those claims disallowed.

---

**3.** Plaintiffs cite *Brushaber v. Union Pacific Ry. Co.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), in support of their claims that income tax is properly characterized as an excise tax. The *Brushaber* opinion describes the historical classification of income tax, sometimes as an excise tax and sometimes as a direct tax. *Id.* at 16–17, 36 S.Ct. at 241. However, *Brushaber* specifically held that the purpose of the Sixteenth Amendment was to subject all income to taxation without the need to apportion the tax among the states. *Id.* at 18–19, 36 S.Ct. at 241–42. It therefore upheld taxing statutes against the constitutional challenge that they were invalid excise taxes.

**4.** It has also long been settled that federal taxation of income does not normally violate the Due Process Clause of the Fifth Amendment.

See, e.g., *United States v. Smith*, 484 F.2d 8, 10–11 (10th Cir. 1973) (per curiam), *cert. denied*, 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1974).

**5.** I could not grant the requested relief even if plaintiffs did state a claim. In seeking writs of mandamus compelling defendants to accept plaintiff's determination that they are not required to file, plaintiffs are asking me to declare that they are not subject to the code's filing requirements. This court cannot make such a determination because declaratory judgments regarding federal taxes are specifically barred by 28 U.S.C. § 2201, except for some exceptions not relevant here. See *Flora v. United States*, 362 U.S. 145, 164–65, 80 S.Ct. 630, 640–41, 4 L.Ed.2d 623 (1960).

Plaintiffs argue that defendant's reference to the code does not answer their questions. They claim that this is a violation of a statutory duty imposed on the defendants by 5 U.S.C. § 556(d) and 26 U.S.C. § 6001. They further assert that the failure to answer is a violation of their constitutional rights. In effect, they seek to reform current IRS procedures by adding a requirement that defendants answer questions such as they propound. Plaintiffs state that they are not challenging the amount of the deficiencies that have been assessed against them, and that therefore the procedures available for reviewing deficiency assessments are not relevant to their complaints. They seek writs of mandamus compelling defendants to answer their questions, and they assert that their complaints are properly brought in district court.[6]

■■ In order to state a claim for which relief can be granted, plaintiffs' complaints must not be wholly insubstantial or frivolous. In determining substantiality I "must consider whether there is a legal substance to the position plaintiffs are presenting." C. Wright & A. Miller, *Federal Practice and Procedure* § 3564, at 426 (1975). Mandamus is not proper unless the plaintiffs clearly demonstrate that the defendants owe the plaintiffs a constitutional or statutory duty. *Schulke v. United States*, 544 F.2d 453, 455 (10th Cir. 1976).

■ Section 7(c) of the Administrative Procedure Act, 5 U.S.C. § 556(d), provides for any formal agency hearings. However, this hearing procedure is required only where an applicable statute prescribes that there is to be a hearing on the record. *United States v. Allegheny-Ludlum Steel Corp.*, 406 U.S. 742, 756–57, 92 S.Ct. 1941, 1950–51, 32 L.Ed.2d 453 (1971). None of the statutes applicable here requires a hearing, so the APA is not applicable.

■ Section 6001 of the Internal Revenue Code requires a taxpayer to:

keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe.

Plaintiffs do not cite any authority that supports their contention that a duty to respond is imposed by this statute. I am unaware of any such duty.

Plaintiffs do not cite any authority in support of their theory of deprivation of constitutional rights, but simply state that they are deprived of their constitutional rights by defendants' failure to respond to their questions. Such conclusory allegations do not state a cause of action. C. Wright & A. Miller § 1357, at 595–98.

### III. PLAINTIFFS' ACTION FOR DAMAGES

Plaintiffs argue that they are entitled to money damages because they have been classified as illegal tax protestors and because this classification deprives them of equal protection of the laws. They base their allegations on the existence of two IRS manuals: *Illegal Tax Protestor Training Guide* (IRS, Training 9974–02) (1980), and, *Internal Revenue Manual Supplement* (1979). In particular, they cite pages 5–6 of the *Guide*, which states:

*Recommended Action*

Respond to the protester's letter, but refuse to answer the questions.... Discuss your response with your group manager.

Plaintiffs argue that defendants' failure to respond to their letters demonstrates that defendants have classified them as tax protestors. They then argue that by making this classification, defendants have conspired to discriminate against them and

---

**6.** Plaintiffs' complaints could be read as requesting an injunction stopping collection actions until the defendants answer plaintiffs' questions or until plaintiffs have received a final determination of their tax statuses. Such an injunction would be barred by 26 U.S.C. § 7421(a) except where there is no remedy at

law and where it is likely that irreparable injury would occur. See *Bob Jones University v. Simon*, 416 U.S. 725, 736–46, 94 S.Ct. 2038, 2045–50, 40 L.Ed.2d 496 (1974). I instead interpret these *pro se* complaints as requesting a remedy that is not expressly barred by statute.

that doing so has deprived plaintiffs of their rights to equal protection of the laws.

█ In asserting claims for damages, plaintiffs state that they are entitled to damages on the basis of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case held that a violation of a constitutionally protected right "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." *Id.* at 389, 91 S.Ct. at 2001. Unconstitutional conduct is therefore an essential prerequisite for damages.

█ Even though *pro se* complaints are to be construed liberally, allegations must be supported by material facts, not just conclusory statements. C. Wright & A. Miller § 1357, at 595–98. The complaint must also contain specific allegations regarding the actual involvement of each defendant. *Black v. United States*, 534 F.2d 524, 527–28 (2d Cir. 1976). The complaints here do not contain any specific allegations of unconstitutional conduct by any of the respondents. The only material fact alleged is the existence of the IRS manuals. This alone is insufficient to state a claim for deprivation of constitutional rights.

### IV. PLAINTIFFS' REFUND CLAIMS

In addition to challenging current IRS practices and procedures, plaintiffs also seek refunds of income taxes that they have already paid. Subject to the jurisdictional requirements detailed later in this opinion, this court has jurisdiction to hear such claims under 28 U.S.C. § 1346(a)(1).

Section 7422(f)(1) of the Internal Revenue Code provides that refund suits may only be brought against the United States and not against its officers or employees. Plaintiffs have not named the United States as a defendant. I now order that the United States be substituted as the sole defendant in the refund claims. See Section 7422(f)(2).

█ There are several procedural requirements that the plaintiffs must exhaust before this court has jurisdiction to hear their refund claims. See generally *French v. United States*, 31 AFTR 2d 73–546 (N.D. Ga.1972). Section 7422(a) requires a claimant to file a refund claim with the Secretary of the Treasury before bringing a suit in district court. See *Omnibus Financial Corp. v. United States*, 566 F.2d 1097, 1101 (9th Cir. 1977); *Gates v. United States*, 37 AFTR 2d 76–1456, 76–1457 (10th Cir. 1976) (per curiam). Section 6511(a) requires a taxpayer to file his refund claim within three years after the return was filed or within two years after the tax was paid.[7] Section 6532(a)(1) requires that a suit for refund be filed in court after the refund claim has been denied by the IRS or after six months from when the refund claim was filed, but not more than two years after the refund claim was denied. See *Jarvis v. United States*, 42 AFTR 2d 78–5327 (Ct.Cl. 1978). If these timing requirements are not satisfied, then this court does not have jurisdiction to hear the refund claims. See *United States v. Garbutt Oil Co.*, 302 U.S. 528, 534, 58 S.Ct. 320, 323, 82 L.Ed. 405 (1938).

█ In addition to these procedural requirements, there are three essential substantive elements to a refund suit. These elements are all jurisdictional prerequisites. First, the plaintiff must have fully paid the assessed deficiencies. *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960). Second the refund claim must give sufficient notice "to thoroughly apprise [the IRS] of the ground on which recovery is sought." *Gates v. United States*, 37 AFTR 2d 76–1456, 76–1457 (10th Cir. 1976) (citing *Herrington v. United States*, 416 F.2d 1029, 1032 (10th Cir. 1969)); see also *United States v. Felt & Tarrant Manufacturing Co.*, 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931).[8] Final-

---

7. Section 6513(a) details some of the methods for calculating these time periods.

8. 28 C.F.R. § 301.6402–2(b)(1) (1980) provides:

    The [refund] claim must set forth in detail each ground upon which a credit or refund is

ly, the refund suit in this court must be based on the same grounds as those asserted in the refund claim presented to the IRS. *Estate of Bird*, 534 F.2d 1214, 1219 (6th Cir. 1976).

Because each of the eight cases now before me has a different procedural posture, I consider each separately.[9]

■ *Civil Action No. 81–K–275* : In this case plaintiff seeks refunds of the taxes he paid for 1975 through 1980. He filed his refund claims with the IRS on January 15, 1981. He filed his complaint on March 4, 1981. The claims for 1975 and 1976 are barred by the three-year statute of limitation, section 6511(a). The claims for the other four years must be dismissed because there are no allegations that plaintiff has complied with Section 6532(a)(1). Six months had not passed when he filed the complaint, and there is not allegation that the IRS had already denied his refund claim.

*Civil Action No. 81–K–298* : In this case plaintiff seeks refunds of the taxes he paid for 1977 through 1979. He filed a refund claim with the IRS on December 12, 1980. He filed his complaint on March 6, 1981. All of his claims must be dismissed because plaintiff did not comply with section 6532(a)(1).[10]

*Civil Action No. 81–K–310* : In this case plaintiff seeks refunds of the taxes he paid for 1978 and 1979. Although plaintiff has attached copies of refund claims that were apparently filed with the IRS, they are not dated and there are no allegations of when they were filed. There are also no allegations that the claim was denied by the IRS. His claims must therefore be dismissed for

failure to allege compliance with section 6532(a)(1).

*Civil Action No. 81–K–326* : In this case plaintiff seeks refunds of the taxes he paid for 1977 through 1979. He filed a refund claim with the IRS on January 12, 1979. He filed his complaint on March 13, 1981. There is no allegation that the IRS denied this refund claim. His claims must therefore be dismissed for failure to allege compliance with section 6532(a)(1).

*Civil Action No. 81–K–330* : In this case plaintiff seeks refunds of the taxes he paid for 1972 through 1979. He filed a refund claim with the IRS on January 12, 1981. He filed his complaint on March 13, 1981. The claims for 1972 through 1976 are barred by the three-year statute of limitations, section 6511(a). The claims for the other three years must be dismissed because there are no allegations that plaintiff has complied with section 6532(a)(1). Six months had not passed when he filed the complaint, and there is no allegation that the IRS had already denied his refund claim.

*Civil Action No. 81–K–516* : In this case plaintiffs seek refunds of the taxes they paid for 1972 through 1979. They filed refund claims with the IRS on January 12, 1981. They filed their complaint on April 10, 1981. The claims for 1972 through 1976 are barred by the three-year statute of limitations, section 6511(a). The claims for the other three years must be dismissed because there are no allegations that plaintiffs have complied with section 6532(a)(1). Six months had not passed when they filed the complaint, and there is no allegation that the IRS had already denied their refund claim.

claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund of credit.

**9.** I do not reach the merits of any of plaintiffs' claims. I note, however, that all of the plaintiffs base their refund claims on the assertion that the income tax is a privilege tax and that

wages are not taxable income. As I found in the earlier sections of the opinion, these assertions are without merit. Therefore, even if I were to consider the merits of plaintiffs' refund claims, none of them would be valid.

**10.** Although the IRS denied plaintiff's refund claim after he filed his complaint, the requirements of section 6532(a)(1) must be satisfied at the time the suit is filed. See, e.g., *Anderson v. IRS*, 44 AFTR 2d 79–5324 (D.Wis.1979).

*Civil Action No. 81–K–583*: In this case plaintiff seeks refunds of the taxes he paid for 1978 and 1979. He filed a refund claim with the IRS on March 23, 1981. The IRS disallowed this claim on March 30, 1981, and plaintiff then filed his complaint. He has therefore satisfied the procedural prerequisites to bringing a refund suit in this court. Plaintiff has not alleged, however, that he had already fully paid the assessment that he now seeks to have refunded. His complaint must be dismissed because he has not satisfied the requirement enunciated in *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960).[11]

*Civil Action No. 81–K–726*: In this case plaintiffs seek refunds of the taxes they paid for 1977 through 1979. Plaintiff filed a refund claim with the IRS for their 1977 tax year, which was denied on January 22, 1980. They filed their complaint on May 11, 1981. They have therefore satisfied the procedural prerequisites to bringing a refund suit in this court for the taxes for 1977. They do not allege, however, that they had already fully paid the assessments that they now seek to have refunded. The complaint for the 1977 taxes therefore must be dismissed because they have not satisfied the requirements enunciated in *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960). The claims for 1978 and 1979 must be dismissed because there are no allegations that plaintiff has complied with section 6532(a)(1). In particular, plaintiffs do not allege when they filed their refund claims for 1978 and 1979 with the IRS.

IT IS ORDERED that the claims for damages against the defendants Kurtz and Williams in their individual capacities are dismissed for lack of personal jurisdiction. It is further ORDERED that defendants' motions to dismiss on all claims except the refund claims are granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

It is further ORDERED that the United States of America is substituted as the sole defendant on the claims for refunds.

It is further

ORDERED that the claims for refunds are dismissed for lack of subject-matter jurisdiction. It is further

ORDERED that these complaints and civil actions are hereby dismissed.

---

11. The only exception to the *Flora* requirement is when the IRS has terminated the tax year by summary assessment. See, e.g., *Lewis v. San-* *dler*, 498 F.2d 395, 400 (4th Cir. 1974). There are no allegations that would bring plaintiff within this exception.