The CHURCH OF SCIENTOLOGY OF CELEBRITY CENTRE, LOS ANGELES, et al., Plaintiffs,

v.

Roscoe L. EGGER, Jr., et al., Defendants.

Civ. A. No. 81–1952.

United States District Court, District of Columbia.

May 20, 1982.

Stephen H. Glickman, Ronald R. Massumi, Jennifer E. Gold, Zuckerman, Spaeder, Taylor & Kolker, Washington, D. C., for plaintiffs.

John J. McCarthy, Tax Div., Dept. of Justice, Mitchell R. Berger, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., Chief Judge.

A Scientology church incorporated in California, four ordained ministers affiliated

with other Scientology churches and a non-minister member of an unspecified Scientology church bring this action against the Commissioner of the Internal Revenue, Roscoe L. Egger, Jr., and several present and former employees of the Internal Revenue Service (IRS). The action, which plaintiffs attempt to bring as a class action, is before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

## I.

According to allegations in the complaint, from 1971 until 1974 defendants discriminatorily and illegally held in abeyance and did not rule on applications for exemption from self-employment tax properly filed by Scientology ministers pursuant to section 1402(e) of the Internal Revenue Code, 26 U.S.C. § 1402(e) (1976). In 1974, in response to the filing of a petition for a writ of mandamus by Scientology ministers, *see Sorenson v. Alexander*, No. 74–2168 (C.D. Cal.1974), defendants denied, without specification of reasons, all pending applications for exemption from self-employment tax filed by Scientology ministers. Beginning the following year, presumably on the basis of Revenue Ruling 76–415, 1976–2 C.B. 255, defendants again held in abeyance and did not rule on many of the applications for exemption from self-employment tax filed by Scientology ministers. Defendants also denied, without specification of reasons but again presumably on the basis of Revenue Ruling 76–415, all of the applications not held in abeyance.

According to further allegations in the complaint, since 1971 defendants have blocked every attempt of Scientology ministers to obtain a judicial resolution of their entitlement to exemption from self-employment tax. Defendants have refused to assess Scientology ministers for self-employment tax and, at the same time, have refused to contest requests for refunds filed by Scientology ministers who voluntarily paid the self-employment tax.

Plaintiffs set forth their claims in four counts. In Count One, plaintiffs assert a right of judicial review under the Administrative Procedure Act, 5 U.S.C. § 702 (1976), and seek declaratory and injunctive relief from two practices employed by defendants in violation of section 1402(e) of the Internal Revenue Code. The two practices challenged include, first, defendants' practice of holding in abeyance and not ruling on Scientology ministers' applications for exemption from self-employment tax, and, second, defendants' practice of denying Scientology ministers applications for exemption from self-employment tax on the basis of Revenue Ruling 76–415. In Count Two, plaintiffs proceed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and seek declaratory, injunctive and monetary relief from three practices employed by defendants, with the exception of defendant Egger, in violation of section 1402(e) and various provisions of the Constitution. The three practices challenged include the two that are the subject of Count One and, as well, defendants' practice of not including a statement of reasons with denials of Scientology ministers' applications for exemption from self-employment tax.

In Counts Three and Four, plaintiffs proceed under sections 1985 and 1986 of title 42, respectively, and seek declaratory, injunctive and monetary relief arising out of a conspiracy in which defendants, with the exception of defendant Egger, discriminatorily and illegally denied Scientology ministers' applications for exemption from self-employment tax.

Defendants, in their motion to dismiss, argue that all of plaintiffs' claims are barred by either the Declaratory Judgment Act, 28 U.S.C. § 2201 (Supp. III 1979), or the Anti-Injunction Act, 26 U.S.C. § 7421(a) (Supp. III 1979). The Declaratory Judgment Act restricts this Court's power to grant declaratory relief by providing that federal courts shall grant declaratory relief

except *with respect to Federal taxes* other than [in] actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11.

28 U.S.C. § 2201 (emphasis added). The Anti-Injunction Act restricts this Court's power to grant injunctive relief by providing that

> [e]xcept as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b) [of the Internal Revenue Code], no suit *for the purpose of restraining the assessment or collection of any tax* shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (emphasis added). Although the two acts are not similarly worded, in this Circuit the two acts are interpreted coterminously. *Investment Annuity, Inc. v. Blumenthal*, 609 F.2d 1, 4 (D.C.Cir. 1979), *cert. denied sub nom. First Investment Annuity Co. v. Miller*, 446 U.S. 981, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980); *Eastern Kentucky Welfare Rights Organization v. Simon*, 506 F.2d 1278, 1283 (D.C.Cir.1974), *rev'd on other grounds*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *"Americans United" Inc. v. Walters*, 477 F.2d 1169, 1175–76 (D.C.Cir.1973), *rev'd on other grounds sub nom. Alexander v. "Americans United" Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). Thus, despite its broad language, the Declaratory Judgment Act bars only declaratory relief sought "for the purpose of restraining the assessment or collection of any tax."

### II.

■ In the first of their claims under Count One, plaintiffs request that this Court declare unlawful and enjoin defendants' practice of holding in abeyance and not ruling on Scientology ministers' applications for exemption from self-employment tax. Affirmatively, plaintiffs request that this Court order defendants to rule promptly on all of the Scientology ministers' applications currently pending. In opposing defendants' motion to dismiss, plaintiffs argue that this claim falls outside the jurisdictional bar imposed by the Declaratory Judgment Act and the Anti-Injunction Act.

As the Court of Appeals for this Circuit has explained, the Declaratory Judgment Act and the Anti-Injunction Act "did not contemplate barring actions . . . where the litigation did not threaten to deny anticipated tax revenues to the Government." *Eastern Kentucky Welfare Rights Organization v. Simon*, 506 F.2d at 1284. *Accord, Investment Annuity, Inc. v. Blumenthal*, 609 F.2d at 4–5; *McGlotten v. Connally*, 338 F.Supp. 448, 453–54 (D.D.C.1972) (three-judge court). Under this interpretation of the Declaratory Judgment Act and the Anti-Injunction Act, plaintiffs' claim cannot be characterized as "for the purpose of restraining the assessment or collection of any tax" and thus falls outside the jurisdictional bar imposed by the acts.

■ Plaintiffs do not request that this Court order defendants to *grant* all of the Scientology ministers' applications for exemption from self-employment tax currently pending. *Cf. Bob Jones University v. Simon*, 416 U.S. 725, 738–42, 94 S.Ct. 2038, 2046–48, 40 L.Ed.2d 496 (1974); *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 760–61, 94 S.Ct. 2053, 2058, 40 L.Ed.2d 518 (1974); *Investment Annuity, Inc. v. Blumenthal*, 609 F.2d at 4–5; *Oldland v. Kurtz*, 528 F.Supp. 316, 320 n.5 (D.Colo.1981). Rather, plaintiffs request only that this Court order defendants, as in an action for a writ of mandamus, to *rule on* all of the Scientology ministers' applications currently pending. If the Court were to grant this request for relief, the IRS would not be precluded from assessing and collecting self-employment taxes from Scientology ministers. *See Fisher v. Secretary of United States Department of Health, Education and Welfare*, 522 F.2d 493, 504 (7th Cir. 1975); *Oldland v. Kurtz*, 528 F.Supp. at 320–21; *Lugo v. Simon*, 453 F.Supp. 677, 689–90 (N.D.Ohio 1978), *rev'd on other grounds sub nom. Lugo v. Miller*, 640 F.2d 823 (6th Cir. 1981).

■ In the second of their claims under Count One, plaintiffs request that this Court declare unlawful and enjoin defendants' practice of denying Scientology ministers' applications for exemption from self-

employment tax on the basis of Revenue Ruling 76–415. As plaintiffs concede, this claim falls within the jurisdictional bar imposed by the Declaratory Judgment Act and the Anti-Injunction Act. Plaintiffs nevertheless insist that this Court should exercise equitable jurisdiction over this claim in accordance with the judicially created *Williams Packing* exception. Under this exception, first enunciated by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962), plaintiffs must demonstrate that under no circumstances could the Government prevail on the merits and that a basis for equity jurisdiction otherwise exists. For equity jurisdiction to exist, plaintiffs must demonstrate both irreparable injury and the unavailability of an adequate remedy at law. *Id. See Bob Jones University v. Simon*, 416 U.S. at 745–46, 94 S.Ct. at 2050; *Alexander v. "Americans United" Inc.*, 416 U.S. at 761–62, 94 S.Ct. at 2058–59.

Despite plaintiffs' contentions to the contrary, this Court lacks jurisdiction to grant the relief requested in this claim because the requirements of the *Williams Packing* exception are not satisfied. Specifically, plaintiffs have not met their burden of demonstrating irreparable injury and thus that a basis for equity jurisdiction exists.

According to plaintiffs, defendants' practice of denying Scientology ministers' applications for exemption from self-employment tax has caused Scientology churches, ministers and members to suffer several forms of irreparable injury. First, defendants' practice has "impaired and continue[s] to impair the ability of . . . Churches of Scientology to engage in financial planning and to implement plans calling for the expenditure of Church funds." Second, defendants' practice has "inhibited and discouraged ministers of the Churches of Scientology from freely practicing their calling and serving the Churches and Church members." Third, defendants' practice has "stigmatized the religion of Scientology and its ministers." Fourth, defendants' practice has "threatened Church of Scientology ministers, the Churches

themselves, and ultimately the membership thereof with financial penalties."

Plaintiffs do not attempt to explain how the financial planning of Churches of Scientology is impaired by defendants' practice of denying Scientology ministers' applications for exemption from self-employment tax. Plaintiffs do not assert, for example, that the churches pay part or all of the ministers' self-employment taxes. In any case, plaintiffs' allegation of impairment of financial planning does not establish irreparable injury. Plaintiffs must allege a more serious injury, such as the likely financial ruin of the churches or some other serious consequence, to establish irreparable injury. *Bob Jones University v. Simon*, 416 U.S. at 745, 94 S.Ct. at 2050 (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. at 6, 82 S.Ct. at 1128). *Cf. Alexander v. "Americans United" Inc.*, 416 U.S. at 761–62, 94 S.Ct. at 2058–59; *Lucia v. United States*, 447 F.2d 912, 921–23 (5th Cir. 1971). *See Investment Annuity, Inc. v. Blumenthal*, 609 F.2d at 7–8.

■■ Plaintiffs also contend that the inhibition and discouragement allegedly experienced by Scientology ministers represents an infliction of injury in violation of the First Amendment's guarantee to the free exercise of religion and thus constitutes irreparable injury. The inhibition and discouragement allegedly experienced by Scientology ministers, however, amounts to no actual loss of the free exercise of religion. Plaintiffs do not allege that any Scientology minister, as a result of defendants' practice of denying Scientology ministers' applications for exemption from self-employment tax, became inhibited and discouraged enough to forsake the ministry or to lose the desire and ability to serve Scientology churches and members. *Cf. Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976); *N.A.A.C.P. v. Alabama*, 357 U.S. 449, 462–63, 78 S.Ct. 1163, 1171–72, 2 L.Ed.2d 1488 (1958). The inhibition and discouragement allegedly experienced by Scientology ministers represents, at most, a distressed state of mind and thus

does not constitute irreparable injury. *Smaldone v. Kurtz*, 450 F.Supp. 1138, 1140 (D.D.C.1978); *Henry Vlietstra Plastering & Accoustical Co. v. Internal Revenue Service*, 401 F.Supp. 829, 834 (W.D.Mich.1975).

■ The stigmatization of Scientology ministers and the religion of Scientology, as alleged and supported by plaintiffs, amounts to no more than injury to reputation. As is well settled in the tax field, irreparable injury cannot be established by an allegation of injury to reputation. *Kemlon Products & Development Co. v. United States*, 638 F.2d 1315, 1322 (5th Cir.), *modified*, 646 F.2d 223 (5th Cir.), *cert. denied*, —— U.S. ——, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *Detwiler v. United States*, 406 F.Supp. 695, 698 (E.D.Pa.1975), *aff'd mem.*, 544 F.2d 512 (3rd Cir. 1976), *cert. denied*, 429 U.S. 1105, 97 S.Ct. 1135 (1977); *Heller v. Scanlon*, 196 F.Supp. 832, 834 (E.D.N.Y. 1961).

■ The threat of financial penalties allegedly facing not only Scientology ministers but also Scientology churches and members does not constitute irreparable injury. Indeed, even if the threatened financial penalties actually were imposed on Scientology ministers, churches and members, the resulting injuries would not be of a sufficiently serious nature to constitute irreparable injury. As above, to establish irreparable injury, plaintiffs must allege that the financial penalties likely would cause Scientology ministers, churches or members financial ruin or other serious consequences. *Bob Jones University v. Simon*, 416 U.S. at 745, 94 S.Ct. at 2050 (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. at 6, 82 S.Ct. at 1128). *Cf. Alexander v. "Americans United" Inc.*, 416 U.S. at 761–62, 94 S.Ct. at 2058–59; *Lucia v. United States*, 447 F.2d at 921–23. *See Investment Annuity, Inc. v. Blumenthal*, 609 F.2d at 9–10.

### III.

In Count Two, plaintiffs assert three claims under *Bivens*. Plaintiffs seek declaratory, injunctive and monetary relief from three practices employed by defend-

ants, with the exception of defendant Egger, in violation of section 1402(e) and various provisions of the Constitution. In opposing defendants' motion to dismiss, plaintiffs apparently contend only that the three claims fall outside the jurisdictional bar imposed by the Declaratory Judgment Act and the Anti-Injunction Act and not that the *Williams Packing* exception applies.

In the first of the three claims, plaintiffs ask this Court to declare unlawful and enjoin defendants' practice of holding in abeyance and not ruling on Scientology ministers' applications for exemption from self-employment tax. As further relief, plaintiffs seek compensatory and punitive damages. Here, the declaratory relief, on which the monetary relief is necessarily predicated, and the injunctive relief are identical for purposes of this analysis to the relief requested by plaintiffs in the first claim under Count One. Thus, like the first claim under Count One, the first of the three claims under Count Two falls outside the scope of the jurisdictional bar imposed by the Declaratory Judgment Act and the Anti-Injunction Act.

In the second of the three claims, plaintiffs ask this Court to declare unlawful and enjoin defendants' practice of denying Scientology ministers' applications for exemption from self-employment tax on the basis of Revenue Ruling 76–415. As further relief, plaintiffs again seek compensatory and punitive damages. Here, as above, the declaratory and injunctive relief is identical for purposes of this analysis to the declaratory and injunctive relief requested by plaintiffs in the second claim under Count One. Thus, like the second claim under Count One, the second of the three claims under Count Two is barred by the Declaratory Judgment Act and the Anti-Injunction Act and does not fall within the *Williams Packing* exception. *See Alexander v. "Americans United" Inc.*, 416 U.S. at 760–61, 94 S.Ct. at 2058–59.

In the last of the three claims, plaintiffs ask this Court to declare unlawful and enjoin defendants' practice of not including a

statement of reasons with denials of Scientology ministers' applications for exemption from self-employment tax. As further relief, plaintiffs once again seek compensatory and punitive damages.

As plaintiffs maintain, this claim falls outside the jurisdictional bar imposed by the Declaratory Judgment Act and the Anti-Injunction Act. Litigation of this claim will not "threaten to deny anticipated tax revenues to the Government." *Eastern Kentucky Welfare Rights Organization v. Simon*, 506 F.2d at 1284. Plaintiffs ask only that this Court order defendants to accompany any denial of a Scientology minister's application for exemption from self-employment tax with a statement specifying the reasons for that denial. *See Oldland v. Kurtz*, 528 F.Supp. at 320–21. Plaintiffs do not ask this Court to enjoin defendants from assessing and collecting self-employment taxes from any Scientology minister whose application for exemption has been denied unless defendants also inform the minister of the specific reasons for that denial. *See Stonecipher v. Bray*, 653 F.2d 398, 400–01 (9th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *Oldland v. Kurtz*, 528 F.Supp. at 321 n.6.

### IV.

In Counts Three and Four, plaintiffs proceed under sections 1985 and 1986 of title 42, respectively, and seek declaratory relief as well as compensatory and punitive damages arising out of a conspiracy in which defendants, with the exception of defendant Egger, discriminatorily and illegally denied Scientology ministers' applications for exemption from self-employment tax. Here also, plaintiffs apparently contend only that these two claims fall outside the jurisdictional bar imposed by the Declaratory Judgment Act.

As a prerequisite to awarding plaintiffs the monetary relief that they request under sections 1985 and 1986, the Court would have to declare unlawful either defendants' interpretation of section 1402(e) or defendants' reliance on Revenue Ruling 76–415 in denying Scientology ministers' applications for exemption from self-employment tax. Thus, plaintiffs' claims under sections 1985 and 1986 fall squarely within the jurisdictional bar imposed by the Declaratory Judgment Act. If the Court were to declare unlawful either defendants' interpretation of section 1402(e) or defendants' reliance on Revenue Ruling 76–415, the IRS clearly would be restrained in its attempts to assess and collect self-employment taxes from Scientology ministers. *See Alexander v. "Americans United" Inc.*, 416 U.S. at 760–61, 94 S.Ct. at 2058–59; *Jolles Foundation, Inc. v. Moysey*, 250 F.2d 166, 169 (2d Cir. 1957); *Vietnam Veterans Against the War, Inc. v. Voskuil*, 389 F.Supp. 412, 414 (E.D. Mo.1974); *Wahpeton Professional Services, P. C. v. Kniskern*, 275 F.Supp. 806, 808 (D.N.D.1967).

### V.

Accordingly, all of plaintiffs' claims are dismissed for lack of subject matter jurisdiction except plaintiffs' first claim under Count One and plaintiffs' first and third claims under Count Two.

■ Accepting the allegations in the complaint as true, the plight of Scientology ministers may seem to warrant judicial intervention on all of plaintiffs' claims despite the jurisdictional bar imposed by the Declaratory Judgment Act and the Anti-Injunction Act and the inapplicability of the *Williams Packing* exception. As the Court of Appeals for this Circuit has explained, however,

> [t]his is not a situation where there are no remedies .... Congress keeps a watchful eye on developments in the tax field, and will listen to citizens with a grievance or plea....
>
> So far as judicial remedies are concerned, however, in the absence of constitutional impediment, and we see none, this court must respect the limits placed by Congress on its jurisdiction.

*Investment Annuity, Inc. v. Blumenthal*, 609 F.2d at 9–10 (footnotes omitted).