Lewis B. SMITH; Helen M. Smith, Plaintiffs–Appellees,

v.

Nicholas BRADY, Secretary of Treasury; John Murphy, Acting Commissioner of Internal Revenue, Defendants–Appellants.

No. 90–56041.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1991.

Decided Aug. 17, 1992.

Kendrick L. Moxon, Bowles & Moxon, Los Angeles, Cal., for plaintiffs-appellees.

Joel A. Rabinovitz, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellants.

Before: FLETCHER, D.W. NELSON, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Lewis B. Smith and Helen M. Smith ("Smiths") sued the Internal Revenue Service ("IRS") seeking to have a letter expunged from the Smiths' files and to prevent the IRS from using such a letter in the future. The letter labeled their church, the Church of Scientology, a "sham" religion. After various motions to dismiss the case were rejected by the district court, the suit was settled almost a year after it was filed. The Smiths received most of the relief requested in their complaint. The district court then granted the Smiths' request for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The IRS appeals the award of fees.

We reverse the district court's award of attorney's fees. We find that the exclusive means of recovering attorney's fees in this tax-related case is Internal Revenue Code § 7430. Because the Smiths did not exhaust their administrative remedies as required by the I.R.C. provision, attorney's fees cannot be awarded.

## FACTS

In the course of an audit of the Smiths' 1987 tax return the IRS sent the Smiths a letter ("Letter") dated February 14, 1989, disallowing a claimed deduction of $61,086 for contributions to the Church of Scientology. Part of the Letter stated that:

[I]t has not been established that the "Church of Scientology" is anything more than a sham designed for the purpose of claiming fictitious charitable contributions on your income tax return. Further you have failed to establish that "Church of Scientology" is an entity recognized for tax purposes as being separate and distinct from you as an individual.

The IRS claimed that the letter was sent in error. Indeed, the IRS itself has stipulated in other cases that the Church of Scientology is a *bona fide* religion.[1] Around April 19, 1989, the IRS sent the Smiths a report entitled "Report of Individual Income Tax Examination Changes." This report disallowed $8,342 in deductions because the Smiths had not "establish[ed] that the amounts shown were (a) contributions, and (b) paid." The report also stated: "This report supersedes the one sent to you earlier."

The Smiths have been active members of the Church of Scientology for over 22 years. The Smiths allegedly believed that the Letter perpetuated a pattern of discrimination against the Church of Scientology by the IRS.[2]

The Smiths filed suit on April 28, 1989, asserting violations of their civil and constitutional rights and seeking to account for all existing copies of the February 14 Letter, to expunge the Letter from the Smiths' files, to enjoin the IRS from disseminating the Letter or similar documents in the future, and to prevent the IRS from degradingly labeling the Church of Scientology as a "sham."

The Smiths' complaint alleged that the IRS injured them by: (1) demonstrating

1. *See, e.g., Christiansen v. Commissioner,* 843 F.2d 418, 419 (10th Cir.1988), *cert. denied,* 490 U.S. 1113, 109 S.Ct. 3174, 104 L.Ed.2d 1035 (1989); *Miller v. Commissioner,* 829 F.2d 500, 501 (4th Cir.1987), *cert. denied,* 490 U.S. 1113, 109 S.Ct. 3174, 104 L.Ed.2d 1035 (1989); *Hernandez v. Commissioner,* 819 F.2d 1212, 1216 (1st Cir.1987), *aff'd,* 490 U.S. 680, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989).

2. In the mid-seventies the Church of Scientology had the dubious distinction of being the only organization in an IRS file labeled "Subversives." *See Final Report of the Select Committee to Study Governmental Operations, "Supplementary Detailed Staff Reports on Intelligence Activities and the Rights of Americans."* (April 23, 176).

impermissible hostility to the Scientology religion in violation of the Establishment clause; (2) impermissibly burdening the Smiths in the free exercise of their religious beliefs; (3) acting to intimidate and chill the Smiths in the exercise of their right to freedom of association; and (4) treating the Church and its parishioners differently than other *bona fide* religious organizations and their adherents, thus denying the Smiths equal protection of the law.

The filing of the complaint started a procedural odyssey, but the case was eventually settled and dismissed on April 19, 1990, with leave for the Smiths to file a motion for attorney's fees.

On June 18, 1990, the Smiths filed a motion for attorney's fees under the EAJA. The IRS opposed the motion on the grounds asserted on this appeal. The district court granted the motion on June 26, 1990, and awarded the Smiths $13,972 in costs and attorney's fees under the EAJA.

Here the IRS challenges the award of attorney's fees on several grounds. Initially, it contends that the Smiths lacked standing to sue and that therefore the district court did not have jurisdiction over the case. Secondly, the IRS argues that the Internal Revenue Code's provision for attorney's fees in proceedings brought "in connection with the determination, collection, or refund of any tax" provides the exclusive means to recover attorney's fees in this case. If the Internal Revenue Code is the exclusive means to recover attorney's fees in this case, the Smiths are precluded from recovering because they did not exhaust their administrative remedies. Regardless of which attorney's fees statute is applied, the IRS also argues that fees

should not be awarded because its position was "substantially justified."

## DISCUSSION

### I.

The IRS first argues that the award of attorney's fees must be reversed because the district court lacked jurisdiction over the Smiths' complaint. The IRS contends that the Smiths lacked standing because the Smiths neither suffered a specific actual injury nor faced a threat of specific future harm.

 The question of jurisdiction is reviewed de novo. *Latch v. United States,* 842 F.2d 1031, 1032 (9th Cir.1988). Standing is a jurisdictional issue, *Bender v. Williamsport Area School District,* 475 U.S. 534, 541–42, 106 S.Ct. 1326, 1331–32, 89 L.Ed.2d 501 (1986), and if the district court lacked jurisdiction over the underlying suit, "it had no authority to award attorney's fees." *Latch,* 842 F.2d at 1033 (footnote omitted).[3]

To satisfy the standing requirement the Smiths must show

"[1] that [they have] suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," ... and [2] that the injury "fairly can be traced to the challenged action" and [3] "is likely to be redressed by a favorable decision"

. . . .

*Presbyterian Church (U.S.A.) v. United States,* 870 F.2d 518, 521 (9th Cir.1989) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)).

**3.** The Smiths argue that the IRS consented to jurisdiction for the award of attorney's fees when it consented to the settlement of the case with the provision that the court retain jurisdiction over a potential motion for attorney's fees and costs. The Smiths cite *Arco Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976), for the proposition that a court retains jurisdiction to execute settlement agreements. This does not help the Smiths, however, as the IRS did not consent to pay attorney's fees,

but only stipulated that the settlement would not bar the motion for fees. In *Latch v. United States,* the parties also settled the dispute with the district court reserving jurisdiction over a motion for attorney's fees. 842 F.2d at 1032. The district court's award of attorney's fees was overturned, however, because the district court had wrongfully exercised subject matter jurisdiction over the dispute, and thus had no power to award attorney's fees. *Id.* at 1033. *Latch* clearly precludes recovery here unless the district court's jurisdiction was proper.

The IRS characterizes the Smiths' allegations as only general allegations of a subjective chill of their First Amendment rights, which are not sufficiently concrete to meet the standing requirement. *See Laird v. Tatum*, 408 U.S. 1, 13–14, 92 S.Ct. 2318, 2325–26, 33 L.Ed.2d 154 (1972) (failure to demonstrate a claim of specific present objective harm or a threat of specific future harm). We conclude that the Smiths do have standing, however, because they have alleged a direct injury from the IRS's action.

■ The Smiths' complaint was phrased in broad terms: an "impermissible burdening" of their free exercise of religious beliefs; being "intimidate[d] and chill[ed]" in their exercise of freedom of association; that the IRS demonstrated "impermissible hostility" to their minority religion; and that the Church of Scientology was being treated "differently" than other *bona fide* religions. Unlike *Laird*, however, where the plaintiffs made no showing that the government action directly affected the plaintiffs, 408 U.S. at 3, 92 S.Ct. at 2320, the IRS's action of sending the Letter uniquely affected the Smiths. The Smiths thus had a personal stake in any future use of the Letter by the IRS and certainly in the maintenance of the Letter in the Smiths' files as taxpayers. *See Cardwell v. Kurtz*, 765 F.2d 776, 779 (9th Cir.1985) ("A number of problems may arise from allowing the government to retain [a report based on] illegally-obtained information. For example, the IRS might share the report with other government agencies...."); *cf. Meese v. Keene*, 481 U.S. 465, 472, 107 S.Ct. 1862, 1866, 95 L.Ed.2d 415 (1987) ("While the governmental action need not have a direct effect on the exercise of First Amendment rights ... it must have caused or must threaten to cause a direct injury to the plaintiffs.") (citation omitted).

The present case is similar to the *Presbyterian Church* case, where we granted standing to various local and national churches seeking to prevent the Immigration and Naturalization Service from continuing a covert surveillance program. 870

F.2d at 520. We found that the claim that "INS surveillance has chilled *individual congregants* from attending worship services ... [and] interfered with the churches' ability to carry out their ministries" to be a "distinct and palpable" injury, not a mere subjective chill, *id.* at 522 (citations omitted); and that "[c]hurches, as organizations, suffer a cognizable injury when assertedly illegal government conduct deters their adherents from freely participating in religious activities protected by the First Amendment." *Id.* at 523. We also held that the alleged injuries could be traced to the government action and that a favorable judicial decision could redress the injury. *Id.*

The IRS maintains that the specificity of the allegations in *Presbyterian Church* distinguishes that opinion from the present case. They assert that the Smiths' allegations resemble the allegations in *Church of Scientology of Celebrity Centre v. Egger*, 539 F.Supp. 491 (D.D.C.1982). In *Egger* the district court held that allegations of "inhibition and discouragement" of ministers and stigmatization of the Scientology religion did not constitute irreparable injury and dismissed the case. 539 F.Supp. at 495–96. The IRS argues that here as well the plaintiffs have not alleged a "distinct and palpable" injury and thus do not have standing. *See Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). *Egger* is distinguished easily, however; the Smiths' have alleged tangible injuries caused by the IRS's action.

The injuries alleged by the Smiths are cognizable and not a mere "subjective chill." The other requirements of standing are also met. The injury is traceable to the challenged action. *See Presbyterian Church*, 870 F.2d at 523. A favorable judicial determination, in this case the settlement entered, addressed the injury complained of. *Id.* Having found standing, we proceed to the merits.

## II.

■ The IRS argues that attorney's fees cannot be awarded to the Smiths under the Equal Access to Justice Act, 28 U.S.C.

§ 2412, because Internal Revenue Code § 7430, which provides for attorney's fees in "tax cases," is the exclusive vehicle for recovering fees in this case. Because the question involved is one of statutory interpretation, it is reviewed de novo. *See Kali v. Bowen,* 854 F.2d 329, 331 (9th Cir.1988).

### A.

■ I.R.C. § 7430 provides for attorney's fees to the prevailing party in proceedings brought "in connection with the determination, collection, or refund of any tax, interest, or penalty under this title" if certain requirements, discussed *infra,* are met. In the cases to which § 7430 applies it is exclusive and precludes recovery under the EAJA. 28 U.S.C. § 2412(e); *United States v. McPherson,* 840 F.2d 244, 245–46 (4th Cir.1988).

I.R.C. § 7430 was designed to grant attorney's fees "to a taxpayer who prevails in any tax case in any Federal court." H.R.Conf.Rep. No. 99–841, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.C.C.A.N. 4075, 4887, 4888. Prior to the enactment of § 7430, attorney's fees were awarded to plaintiffs in tax cases in Federal district courts under the EAJA, but this act did not reach United States Tax Court cases. *Id.* at 4887. *See Cardwell v. Kurtz,* 765 F.2d 776 (9th Cir.1985) (dispute arising in 1976–77, but § 7430 enacted in 1982 and only applies to civil actions and proceedings commenced after February 28, 1983). Section 7430 thus expanded the scope of available recovery.

■■ Although generally the EAJA and § 7430 are similar, see *Powell v. Commissioner,* 791 F.2d 385, 389–90 (5th Cir.1986), there are important differences. Under § 7430 a taxpayer must exhaust his or her administrative remedies before filing suit. I.R.C. § 7430(b)(1). Also, § 7430 specifically applies to a prevailing party other than the United States. I.R.C. § 7430(c)(4)(A). Finally, the "position of the United States" is defined somewhat differently when deciding if the position of the United States was substantially justified. I.R.C. § 7430(c)(7).

■ The IRS argues that the Letter was sent in the course of an audit of the Smiths' tax return and therefore the Smiths' claims arose "in connection with" the determination of their taxes. The Smiths cast the action as "brought solely to redress violations of their constitutional rights," which "simply has nothing to do with the Smiths' taxes." We cannot accept the Smiths' argument. Were it not for the IRS audit to determine if the Smiths paid their correct tax, the offending letter would not have been sent. Furthermore, the primary function of the Smiths' request that the IRS not use this letter in the future can only be to protect the deductions for donations to the Church of Scientology. Thus, although there were collateral purposes to the Smiths' suit, it was clearly connected to IRS actions in determining the Smiths' taxes.

### B.

Several courts have interpreted the "in connection with" language of § 7430 broadly to allow plaintiffs a recovery of fees for the wrongful disclosure of tax return information under I.R.C. § 7431. *See Huckaby v. United States,* 804 F.2d 297, 298 (5th Cir.1986) (per curiam); *Smith v. United States,* 735 F.Supp. 1396, 1400 (C.D.Ill. 1990); *William E. Schrambling Accountancy Corp. v. United States,* 689 F.Supp. 1001, 1008 (N.D.Cal.1988), *rev'd on other grounds,* 937 F.2d 1485 (9th Cir.1991). In *Huckaby,* the court reasoned that the wrongful disclosure occurred "because the IRS was in possession of Huckaby's records for the purpose of determining his tax liability." 804 F.2d at 298. The IRS argues that this broad reading of § 7430 is proper and a broad reading should also be undertaken in this case.

The Federal Tort Claims Act, in language similar to § 7430, exempts "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). This language has foreclosed suits for allegedly tortious acts related to the collection of taxes. *See Morris v. United States,* 521 F.2d 872, 874 (9th Cir. 1975) (in the course of collection activities

IRS told taxpayer's creditors of tax liability and potential insolvency); *Interfirst Bank Dallas, N.A. v. United States,* 769 F.2d 299, 306–07 (5th Cir.1985), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986) (wrongful levy of property); *Capozzoli v. Tracey,* 663 F.2d 654, 657 (5th Cir.1981) (alleged invasion of privacy and trespass in photographing property during an investigation of casualty loss). These cases, although they discuss different contexts, show that a broad range of activity by the IRS arises in connection with the determination of tax liability.

The Smiths contend that an overly expansive reading of "in connection with" is inappropriate. Potentially any action involving the IRS could be subsumed under § 7430 as the IRS itself would not exist but for its connection with the collection of taxes.

In this vein, one court has allowed recovery under the EAJA for unlawful disclosure of tax returns. In *Trahan v. Regan,* 824 F.2d 96, 97 (D.C.Cir.1987), *vacated on other grounds at reh'g en banc,* 866 F.2d 1424 (D.C.Cir.1988), the court awarded plaintiffs attorney's fees under the EAJA after a challenge to the IRS's practice of providing tax information to the Social Security Administration. If § 7430 were taken to a logical extreme, this recovery could have been denied under the EAJA because the tax information only existed in connection to the collection of taxes.

While it may be true that not every case where the IRS is a party should automatically be considered a case arising "in connection with" the determination of a tax, a broad reading of § 7430 in this case better effectuates Congressional intent in enacting this provision. It respects Congress' decision to vary from the scheme of the EAJA by requiring taxpayers to exhaust their administrative remedies before filing suit. The Smiths' exclusive method of recovering attorney's fees in this case is § 7430.

### III.

Under § 7430 a prevailing party must exhaust his or her administrative remedies to recover fees. I.R.C. § 7430(b)(1). The Smiths filed suit without notifying the IRS administration of their grievances and trying to resolve them internally. Thus, their claim for attorney's fees must be denied. *See Lawler v. United States,* 16 Cl.Ct. 53, 56–57 (1988).

The IRS also argues that its litigation posture was substantially justified. However, because we have already determined that the Smiths cannot recover their fees, we do not reach this issue.

### CONCLUSION

The decision of the district court is REVERSED.