979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald J. ALLISON, Defendant-Appellant.
 No. 92-35193.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 23, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald J. Allison appeals pro se the district court's denial of his application for attorneys fees and litigation costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. We review a district court's denial of fees and costs for an abuse of discretion. Estate of Merchant v. Commissioner, 947 F.2d 1390, 1393 (1991). We affirm.
 
 
 3
 In the underlying action, the United States tried to enforce a summons in district court directing Allison to produce data reflecting his income for tax year 1987. After Allison testified that he had not kept any records involving tax year 1987, the district court dismissed the summons action finding that it would be futile to order Allison to produce records which did not exist. Allison subsequently brought an application for fees and costs under EAJA asserting that he was entitled to litigation costs as the prevailing party in the action.
 
 
 4
 First, attorneys fees cannot be awarded to Allison under the EAJA because Internal Revenue Code § 7430 provides the exclusive vehicle for such fees and precludes recovery under the EAJA. See Smith v. Brady, 972 F.2d 1095, 1099 (9th Cir.1992). Second, even were we to construe Allison's application for fees as an application under Section 7430, the district court's judgment denying fees still would stand.
 
 
 5
 Section 7430 provides that the prevailing party may be awarded a judgment for reasonable litigation costs incurred in connection with a court proceeding against the United States for the determination or refund of tax. 26 U.S.C. § 7430(a). A party is considered a prevailing party only if (1) the position of the United States in the proceeding was not substantially justified; (2) the party substantially prevailed with respect to the amount in controversy or with respect to the most significant issues presented; and (3) the party in question has a net worth of no more than $2,000,000 at the time the proceeding was commenced. 26 U.S.C. § 7430(c)(4). Additionally, litigation costs will not be awarded unless the party had exhausted administrative remedies with the Internal Revenue Service prior to commending the action in court. 26 U.S.C. § 7430(b)(1).
 
 
 6
 Here, Allison has failed to exhaust his administrative remedies as required by the statute. Moreover, even were we to find that Allison, as the defendant, did not need to satisfy this requirement, he could not prevail under section 7430 because he has not demonstrated that the government's action of attempting to enforce the summons was not substantially justified. See General Inv. Corp. v. United States, 823 F.2d 337, 342 (9th Cir.1987). (taxpayer bears the burden of establishing eligibility for fees and costs, including that government's position was not substantially justified).
 
 
 7
 "The government's position is 'substantially justified' if it 'has a reasonable basis both in law and in fact.' " United States v. Buel, 765 F.2d 766, 768 (9th Cir.1985) (quoting Timms v. United States, 742 F.2d 489, 492 (9th Cir.1984). Here the district court found that the summons sought to be enforced was issued pursuant to an ongoing investigation into Allison's tax liability. There is no indication that the government was not acting within "the legitimate purpose of ascertaining civil tax liabilities." Id. at 769. Accordingly, because Allison failed to demonstrate that the government acted with an improper purpose in seeking to enforce the summons, the district court did not abuse its discretion by denying Allison an award of attorneys fees and costs. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3