**In the Matter of BRICKER SYSTEMS, INC., Debtor.**

**Bankruptcy No. 84–00898.**

United States Bankruptcy Court, E.D. Wisconsin.

Dec. 13, 1984.

Charles G. Crosse IV, Herz, Levin, Teper, Sumner & Croysdale, S.C., Milwaukee, Wis., for debtor.

Richard E. Braun, Whyte & Hirschboeck, S.C., Milwaukee, Wis., for Minneapolis Teachers' Retirement Fund Association.

Paul S. Medved, Michael, Best & Friedrich, Milwaukee, Wis., for Church's Fried Chicken, Inc.

C.N. CLEVERT, Bankruptcy Judge.

Bricker Systems, Inc., the debtor in this Chapter 11 case, has filed a motion asking the court to approve an amended lease between itself and Minneapolis Teachers' Retirement Fund Association and to modify the automatic stay imposed by 11 U.S.C. § 362(a). The matter was heard on October 25, 1984, and the following appearances were made: The debtor, Bricker Systems, Inc., (Bricker) appeared by its counsel, Charles G. Crosse IV of the law firm of Herz, Levin, Teper, Sumner & Croysdale, S.C.; Minneapolis Teachers' Retirement Fund Association (Teachers) appeared by its counsel, Richard E. Braun of the law firm of Whyte & Hirschboeck, S.C.; and in opposition to the motion, Church's Fried Chicken, Inc. (Church's) appeared by its counsel, Paul S. Medved of the law firm of Michael, Best & Friedrich.

The modified lease Bricker is asking the court to approve provides for a reduction in Bricker's rent retroactive to July 1, 1984; a waiver of the rent due for the months of March, April, May, and June, 1984; and payment of past due real estate taxes by Teachers. In return for these concessions, Teachers will receive Bricker's installment note which calls for repayment of past due real estate taxes over a period exceeding three years. In addition, upon any default by Bricker under the amended lease, installment note, or its franchise agreement with Church's Bricker shall assign the franchise agreement to Teachers or its nominee.

Church's opposes assumption of the amended lease on two grounds: 1) The court is without jurisdiction and 2) § 365 of the Bankruptcy Code does not provide for future assignment of an assumed contract.

## FACTS

Bricker, a Chapter 11 debtor, is a franchisee of Church's and is currently operating five Church's Fried Chicken restaurants pursuant to five separate standard license agreements. The most profitable of these restaurants is located at 1635 West North Avenue, Milwaukee, Wisconsin. The building at the North Avenue location is owned by Teachers and is leased to Bricker. On July 10, 1984, this court authorized assumption of the five Church's Fried Chicken standard license agreements, including the franchise agreement at the North Avenue location. These franchise agreements contained the following provision:

25. ASSIGNMENT AND TRANSFER

(a) Licensee shall not sell, assign, transfer, convey or encumber this Agreement or any right or interest thereunder, or permit any such assignment, transfer or encumbrance to occur by operation of law, without prior written consent of Licensor.

On October 15, 1984, Bricker filed the motion which is now under consideration. This motion proposes an amended lease between Bricker and Teachers at the North Avenue location. The pertinent part of this amended lease provides as follows:

10. Lessee shall provide Lessor with immediate notice of any occurrence or nonoccurrence which, alone or with the giving of notice and/or passage of time, would constitute a default under the franchise agreement, including, without limitation, immediately providing Lessor with a copy of any notice received from or on behalf of the franchisor relating to any default, claimed default or potential default under the franchise agreement. Any default under the franchise agreement shall be considered a default under the note and modified lease and shall entitle Lessor to immediately declare the note and modified lease in default, without notice or opportunity to cure. If Lessee defaults under the note, franchise agreement or modified lease, it shall, upon receiving written notice from Lessor electing such action, immediately assign the franchise agreement to Lessor, or to its nominee, provided that: 1) Les-

sor mails such notice, by registered mail, to the Lessee and the franchisor within 14 days of its receiving written notice of any default under the franchise agreement, or within 14 days of its declaring a default under the note and modified lease, whichever occurs first; 2) Lessor or its nominee agree to immediately cure any defaults under the franchise agreement a bankruptcy trustee or debtor would have to cure in order to assume the franchise agreement under Section 365 of the Bankruptcy Code; and 3) Lessor or its nominee, as assignee of the franchise agreement, shall otherwise meet the requirements of Section 365(f) of the Bankruptcy Code. Any confirmation order entered in the bankruptcy proceeding shall specifically provide for the retention of jurisdiction by the Bankruptcy Court to give effect to this paragraph. Lessor may, at its option, seek enforcement of this paragraph by filing an appropriate motion with the Bankruptcy Court, or by initiating an appropraite proceeding with any other court having jurisdiction to resolve civil contract disputes in excess of $5,000. Lessee agrees to execute and deliver any further documents Lessor believes reasonably necessary to evidence, perfect or give notice of its rights under this paragraph.

On October 22, 1984, Church's filed an objection to this motion. Bricker's motion and Church's objection were heard on October 25, 1984, at 10:00 a.m. At the hearing, the court requested that the parties brief the issue of the future assignment of an assumed contract.

## DISCUSSION

■ In its written objection to the motion and before this court at the hearing, Church's argued that this court was created contrary to Article II, Section 2 of the United States Constitution, which vests exclusive authority to appoint "inferior officers" in the president, courts of law, or heads of departments and thus has no au-

thority to grant the relief sought by the debtor. This argument must be rejected. Section 106 of the newly enacted "Bankruptcy Amendments and Federal Judgeship Act of 1984" did not give Congress the power to "appoint" bankruptcy judges as argued by Church's. It merely vested in Congress the power to extend the term of office of all sitting bankruptcy judges. As a result there was no appointment which violated Article II, Section 2 of the United States Constitution.

■ Church's also argues that approval of the amended lease would place Bricker in violation of § 25 of the franchise agreement. Although Church's recognizes that § 365(f) of the Bankruptcy Code provides for assumption and assignment of an executory contract, notwithstanding a provision in the contract that prohibits, restricts, or conditions the assignment, it argues that once the franchise agreement was assumed, Bricker became bound by its nonassignability provisions and cannot at some unspecified date in the future assign the assumed contract.

The court finds no merit in this argument. In making this decision the court relies on the language of § 365(f)(1) and (2) of the Bankruptcy Code. These Code provisions read as follows:

(f)(1) Except as provided in subsection (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.

(2) The trustee may assign an executory contract or unexpired lease of the debtor only if—

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such con-

tract or lease is provided, whether or not there has been a default in such contract or lease.

The purpose of these provisions is to partially invalidate the restrictions on assignment of contracts or leases by a debtor or trustee. These provisions place only two conditions on the assignment: the trustee/debtor must first assume the contract or lease and then the trustee/debtor must give adequate assurance of future performance. There is absolutely nothing in the statute to indicate that Congress intended a substantially contemporaneous assignment or an assignment within a given time period following assumption. In drafting the Code, Congress did not hesitate to impose time constraints on the trustee when it thought it was necessary. For example, § 365(d)(1) places a 60 day time limit on a trustee for assuming an executory contract or unexpired lease in a Chapter 7 case. However, there are no similar time constraints with regard to assumption or assignment of an executory contract or unexpired lease in Chapter 9, 11, or 13 proceedings. Furthermore, there is nothing in the legislative history which support a finding that an assumed contract may not be assigned at a later date.

If this court accepted Church's interpretation of § 365(f), a trustee/debtor could be forced to make a hasty and perhaps costly decision to immediately assign an assumed executory contract or lease on terms which fail to maximize its potential value to the bankruptcy estate. It is also noted that the very language of § 365(f) requires that a contract must first be assumed before it can be assigned. Thus, the Code contemplates that there will be a time lapse—albeit a short one in many cases—between assumption and assignment.

By approving the assumption of this lease by Bricker, the court fails to see how Church's is harmed. Church's is still protected by the provisions of § 365(f) of the Bankruptcy Code. Before Bricker can assign the franchise agreement to Teachers or its nominee, Teachers must still provide adequate assurance of future performance. This has to be done whether the assignment is made almost contemporaneously with the assumption or at some unspecified date in the future.

Based on the foregoing,

IT IS ORDERED that Bricker's motion for approval of its amended lease with Teachers and modification of the automatic stay be and hereby is granted.