In re NORTHWEST CINEMA
CORPORATION, Debtor.

Linn J. FIRESTONE, Plaintiff,

v.

DALE BEGGS & ASSOCIATES, a
Nebraska partnership, and Dale
Beggs, individually, Defendants.

Bankruptcy No. 4–84–320.
Adv. No. 4–85–22.

United States Bankruptcy Court,
D. Minnesota.

May 9, 1985.

Ann M. Spencer, Minneapolis, Minn., for plaintiff.

Robert M. Gonderinger, Omaha, Neb., for defendants.

## ORDER DENYING MOTION TO DISMISS

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter is before the Court on the motion of the defendants to dismiss. Memoranda were filed on behalf of the defendants by Robert M. Gonderinger and on behalf of the plaintiff by Ann M. Spencer.[1]

The plaintiff is the trustee in the Chapter 7 case of Northwest Cinema Corporation. On January 24, 1985, the trustee filed a complaint pursuant to 11 U.S.C. § 547 to recover from the defendants a preference the trustee claims the defendants received from the debtor.

The defendants have not yet answered but rather filed a motion to dismiss pursu-

---

1. On February 27, 1985, I certified to the Attorney General pursuant to 28 U.S.C. § 2403(a) the constitutional question raised by the motion and granted the United States until April 1, 1985 to intervene. The Attorney General has chosen not to intervene but has been kind enough to send me copies of a brief filed on behalf of the United States in another case, assuring me that the United States was not indifferent to the constitutional issues in this proceeding.

ant to Fed.R.Civ.P. 12(b)(1) [2] on the grounds that "this Court lacks subject matter jurisdiction to hear preference actions, and to exercise any such jurisdiction would be unconstitutional."

The motion must be denied for several reasons. First of all, the remedy of dismissal is not the appropriate one for the claimed constitutional problems raised by the defendants. Secondly and more substantively, the plaintiff's constitutional arguments are misplaced.

Public Law 98–353, 98 Stat. 333 (the 1984 Act), created a new decisional arrangement for bankruptcy cases and proceedings. 28 U.S.C. § 1334(a) [3] vests jurisdiction over bankruptcy cases in the district courts. Likewise 28 U.S.C. § 1334(b) vests jurisdiction over civil proceedings arising under Title 11, or arising in or related to cases under Title 11 in the district courts. Thus the jurisdiction over this adversary proceeding is vested in the district court. There can be no doubt that such a vesting of jurisdiction is constitutional.

■ I assume when the defendants state in their motion that "this Court" lacks jurisdiction, it is referring to the bankruptcy court. However there really is no bankruptcy court except in name. The term "bankruptcy court" is solely a phrase that is applied to the bankruptcy judges for a district insofar as those judges together are a unit of the district court. 28 U.S.C. § 151. Thus while functionally there may appear to be a separate bankruptcy court, for jurisdictional purposes there is only one court, i.e., the district court. Making this distinction has some relevance to the defendants' motion since "this court", i.e., the district court, *does* have jurisdiction over the subject matter of this proceeding and that jurisdiction is constitutional. Thus dismissal obviously is not warranted.

The issue really raised by the defendants is whether or not a bankruptcy judge, as opposed to a district judge, may constitutionally decide the preference action. That is an entirely different question since, even if the defendants were correct as to the constitutionality of the statutory scheme, the remedy would be to provide for a decision by a district judge rather than a bankruptcy judge. Thus, the issue really is who will decide this adversary proceeding, not whether the proceeding should be dismissed.

As already noted, a new scheme for deciding bankruptcy matters was put in place by the 1984 Act. 28 U.S.C. § 152 provides for the appointment of bankruptcy judges in each judicial district. 28 U.S.C. § 151 provides that each bankruptcy judge is a judicial officer of the district court. 28 U.S.C. § 157(a) provides permissive referral of bankruptcy cases and proceedings to bankruptcy judges. On July 27, 1984, the district court for this district made a referral of all bankruptcy cases and proceedings to the bankruptcy judges of this district. Thus this adversary proceeding has been referred to the bankruptcy judges.

28 U.S.C. § 157(b)(1) provides that bankruptcy judges may hear and determine bankruptcy cases.[4] The latter subsection also authorizes bankruptcy judges to hear and determine all core proceedings arising under Title 11 or arising in a case under Title 11 which are referred to them. Core proceeding is not a defined term but a lengthy list of illustrations is given. On the list are proceedings "to determine, avoid, or recover preferences." 28 U.S.C. § 157(b)(2)(F). Reduced to its basic form, the defendants' motion attacks this subsection. They claim that this grant by Congress to bankruptcy judges of the power to hear and determine preference proceedings is unconstitutional.

---

**2.** Rule 12(b)(1) is applicable to this adversary proceeding pursuant to Bankruptcy Rule 7012(b).

**3.** The 1984 Act's modifications to Title 28 will be cited as if already codified.

**4.** It is unclear to me what it means to hear and determine a bankruptcy case. Obviously the drafters of this section did not understand that a bankruptcy case is not really a judicial proceeding at all, but rather an administrative backdrop within which various, sundry and sometimes numerous proceedings arise.

The defendants argue that § 157(b)(2)(F) is unconstitutional because it violates Article III of the Constitution. Article III, Section 1 of the Constitution provides,

> The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behavior, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.

■ Bankruptcy judges are appointed for terms of 14 years, 28 U.S.C. § 152(a)(1), and their salaries are subject to being diminished by Congress. 28 U.S.C. § 153(a). Thus it is clear that bankruptcy judges are not authorized by Article III of the Constitution to exercise the judicial power of the United States. Stated yet another way, is deciding, or in the words of the statute, determining a preference action an exercise of the judicial power of the United States? The defendants argue that it is; the plaintiff argues that it is not.

■ With only one exception that I am aware of and which I will discuss later, all decisions to date have held in favor of the constitutionality of 28 U.S.C. § 157(b). None of those decisions have been by courts of appeals, but several have been by district courts. *See, e.g., Danning v. Lummis (In re Tom Carter Enterprises, Inc.),* 44 B.R. 605 (C.D.Cal.1984), *F.D.I.C. v. Moens (In re Moens),* No. 84–4109 (C.D.Ill., Feb. 21, 1985) and several by bankruptcy courts. *See, e.g., Baldwin-United Corp. v. Thompson (In re Baldwin-United Corp.),* 48 B.R. 49, 12 B.C.D. 913 (Bktcy.S.D.OH 1985), *Goldrich v. N.Y. State Higher Education Services Corp. (In re Goldrich),* 45 B.R. 514 (Bktcy.E.D.NY 1984), *In re Bricker Systems, Inc.,* 44 B.R. 952 (Bktcy.E.D. Wis.1984).

Since the Supreme Court, the Eighth Circuit and the district court for this district have not discussed the constitutionality of § 157(b), I have no direct binding authority construing the 1984 Act. However I think if we shift to pre-1984 cases that this issue can be resolved. The place to start is the Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipeline Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In that case the Supreme Court in four different opinions discussed the issues surrounding the grant of bankruptcy jurisdiction to judges without the protections provided in Article III. Unfortunately because there were so many different opinions, I do not feel that I can determine from those opinions what the Supreme Court's reaction would be to the present statutory scheme. From reading the plurality opinion of Justice Brennan, I do not think that the 1984 Act would pass constitutional muster in the minds of Justices Brennan, Marshall, Blackmun and Stevens. Speaking for the plurality, Justice Brennan concluded that the grant of bankruptcy jurisdiction to bankruptcy judges,

> impermissibly removed most, if not all, of the "essential attributes of the judicial power" from the Art. III District Court, and has vested those attributes in a non-Art. III adjunct. Such a grant of jurisdiction cannot be sustained as an exercise of Congress' power to create adjuncts to Art. III courts.

458 U.S. at 87, 102 S.Ct. at 2880. Justice Brennan discussed the limited exceptions to Article III's requirements and I doubt that the current arrangement would fit in to any of those exceptions.[5]

I think it is even more clear that the dissenting justices (White, Burger and Powell) would clearly feel that the new arrangement was constitutional since they found the arrangement under the 1978 Act constitutional. In a dissent written by Justice White it was stated that "there is no

---

**5.** However, the Department of Justice's brief argues that because of the district judge's right to withdraw any case or proceeding that no jurisdiction is vested in the bankruptcy judge at all.

difference in principle between the work that Congress may assign to an Article I court and which the Constitution assigns to Article III courts." [6] 458 U.S. at 113, 102 S.Ct. at 2893.

The concurring justices (Rehnquist and O'Connor) advocated restraint and stated that they would "hold so much of the Bankruptcy Act of 1978 as enables a bankruptcy court to entertain and decide Northern's lawsuit over Marathon's objection to be violative of Art. III of the United States Constitution." 458 U.S. at 91, 102 S.Ct. at 2882. Thus, nothing can be determined from the concurring opinion of those two justices how they would feel about whether the determination of a preference action by non-Article III judges would be constitutional. *See Edward Pirsig Farms, Inc. v. John Deere Co., (In re Edward Pirsig Farms, Inc.),* 47 B.R. 376, 378 n. 4 (D.Minn. 1984). In sum, the various opinions in *Northern Pipeline* are inconclusive in trying to apply that decision to this case.

If we next look at the views of the Eighth Circuit, I think we can get more help. When the Supreme Court's decision in Northern Pipeline went into effect on December 24, 1982, a rule was adopted by every district court in the country.[7] Under this Emergency Rule the district court assumed jurisdiction over all bankruptcy cases and proceedings and referred them all to the bankruptcy judges. Under the Emergency Rule a distinction was made between matters which the bankruptcy judge could decide and those which the bankruptcy judge could not decide. That decision was based on an analysis of whether or not the proceeding was a "related proceeding" or not. In very rough terms, related proceedings under the Emergency Rule are analogous to non-core pro-

ceedings under 28 U.S.C. § 157 while anything that was not a related proceeding would be roughly analogous to a core proceeding under 28 U.S.C. § 157(b).

Under the Emergency Rule bankruptcy judges could enter dispositive orders in a proceeding that was not a related proceeding just as a bankruptcy judge may hear and determine core proceedings under 28 U.S.C. § 157(b). I will not overemphasize the analogy but it is clear from a comparison of the Emergency Rule with 28 U.S.C. §§ 157 and 158 and their various provisions relating to reference, deciding of proceedings and withdrawal of reference and appeals that the 1984 Act in large part codified the Emergency Rule. To the extent that there is any legislative history for the 1984 Act, that comparison is borne out.

The Emergency Rule was subject to much constitutional attack itself but its constitutionality was upheld by every court of appeals which considered it. *See In re Landmark Capitol Co.,* 742 F.2d 1166 (9th Cir.1984) (vacated); *In re Colorado Energy Supply Inc.,* 728 F.2d 1283 (10th Cir. 1984); *In re Kaiser,* 722 F.2d 1574 (2d Cir.1983); *Coastal Steel v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190 (3rd Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983); *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983); *First National Bank of Tekamah v. Hansen (In re Hansen),* 702 F.2d 728 (8th Cir.), *cert. denied,* 463 U.S. 1208, 103 S.Ct. 3539, 77 S.Ct. 1389 (1983); *In re Braniff Airways, Inc.,* 700 F.2d 214 (5th Cir.), *cert. denied,* 461 U.S. 944, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983).

In particular, the constitutionality of the Emergency Rule was upheld by the Eighth Circuit. *First National Bank of Tekamah v. Hansen (In re Hansen),* 702 F.2d 728

---

**6.** Justice White later stated that this assignment to Article I courts by Congress was especially permissible if "the proposed Article I courts are designed to deal with issues likely to be of little interest to the political branches." 458 U.S. at 115, 102 S.Ct. at 2894. I will leave it to political observers to determine whether bankruptcy

judges deal with issues of little interest to the political branches.

**7.** Some refer to the rule as the "Model Rule"; however I prefer the alternative appellation of "Emergency Rule".

(8th Cir.), *cert. denied,* 463 U.S. 1208, 103 S.Ct. 3539, 77 S.Ct. 1389 (1983). The district court for the district of Nebraska adopted the Emergency Rule as Local Rule 51. In *Hansen* the Eighth Circuit stated "we find that Local Rule 51 is constitutional and valid." (citations omitted). 702 F.2d at 729.

The defendants rely in large measure on the bankruptcy court decision in *Associated Grocers of Nebraska Cooperative, Inc. v. Nabisco Bakers (In re Associated Grocers of Nebraska Cooperative),* 46 B.R. 173 (Bktcy.Neb.1985). The bankruptcy court in that case decided that it was unconstitutional for a bankruptcy judge to decide a preference action. The court in *Associated Grocers* discussed the Eighth Circuit's opinion in *Hansen* and concluded that the Eighth Circuit reached its decision that the Emergency Rule was constitutional, "on the basis that it was an interim measure only, and would have reached a different opinion if the Interim Rule had been statute instead of emergency rule making." 46 B.R. at 175.

In reviewing the Eighth Circuit's opinion in *Hansen* which is quite short, I am unable to discover the basis for the conclusion that the Eighth Circuit's decision was based on the fact that the Emergency Rule was an interim measure only. The Eighth Circuit's decision regarding the Emergency Rule was short, succinct and directly to the point, never mentioning that it reached its conclusion because the Emergency Rule was an interim measure. It is unlikely that somehow the Eighth Circuit would find a statute more constitutionally suspect than a district court rule on the same subject. Thus I conclude that I am bound by the Eighth Circuit's opinion in *Hansen* and therefore conclude that 28 U.S.C. § 157(b) is constitutional. Therefore neither dismissal nor transfer of the proceeding to a district judge is required.

THEREFORE, IT IS ORDERED: The motion of the defendants to dismiss is denied.