**In re Henry Robert GREWE; In re Cathy Anne GREWE, his wife, Debtors.**

**Henry Robert GREWE; Cathy Anne Grewe, his wife, Plaintiffs–Appellees,**

v.

**UNITED STATES of America, on Behalf of its agency, Internal Revenue Service, Defendant–Appellant.**

No. 93–1223.

United States Court of Appeals, Fourth Circuit.

Argued July 12, 1993.

Decided Sept. 3, 1993.

Joy Lea Pritts, Tax Div., U.S. Dept. of Justice, Washington, DC, argued (Michael L. Paup, Acting Asst. Atty. Gen., Gary R. Allen, Kenneth L. Greene, Tax Div., U.S. Dept. of Justice, on brief), for defendant-appellant.

Martin Patrick Sheehan, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Wheeling, WV, argued (John H. Kamlowsky, on brief), for plaintiffs-appellees.

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

## OPINION

HAMILTON, Circuit Judge:

The issue presented in this appeal focuses on which statute governs the attorneys' fee request of the appellees, Henry and Cathy Grewe (the Grewes). The district court, in adopting the recommendation of the bankruptcy court, ruled that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(b), controlled. On appeal, the Internal Revenue Service (IRS) claims that the Internal Revenue Code (the IRC), 26 U.S.C. § 7430, rather than the EAJA, should apply. For the reasons that follow, we agree with the IRS. In addition, because the Grewes failed to satisfy the requirements of the IRC, we also hold the district court erred when it awarded attorneys' fees to the Grewes and, therefore, reverse the award of attorneys' fees.

I

In 1983, the IRS made assessments against the Grewes for unpaid federal income taxes with respect to their 1977–80 tax years. In 1986, the IRS filed a notice of federal income tax liens for these past due taxes. On November 20, 1989, because of their financial difficulties, the Grewes filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. On March 21, 1990, the Grewes received a discharge of their debts pursuant to 11 U.S.C. § 523, which discharged their past due federal tax liabilities. Shortly thereafter, their bankruptcy case was closed.

Apparently ignorant of the discharge, the district director of the IRS sent the Grewes a Notice of Intention to Levy on February 25, 1992 in an effort to collect some of these past due taxes. This Notice indicated that the IRS intended to levy on the Grewes' personal property as a result of their unpaid federal income tax for the 1980 tax year. The IRS sought to recover an amount totalling $26,666.

Because the Grewes' prior bankruptcy proceedings had discharged their obligation for these taxes, the Grewes filed a motion on March 25, 1992 with the bankruptcy court, requesting that their bankruptcy case be reopened. After the bankruptcy court granted this motion, the Grewes filed a complaint against the IRS on April 7, 1992, without first pursuing any administrative remedies within the IRS itself. In their complaint, the Grewes alleged that the IRS's collection efforts violated the permanent discharge injunction of 11 U.S.C. § 524(a). On April 13, 1992, the IRS recorded a lien on the Grewes' property in Wood County, West Virginia. After discovering that these debts had been discharged in bankruptcy, however, the IRS promptly prepared a judgment in which it conceded that the Grewes were no longer liable for these taxes. The IRS also agreed to remove the tax lien against the Grewes' property.

After the bankruptcy court adopted this judgment, the Grewes filed a motion requesting costs and attorneys' fees against the IRS for the IRS's violation of the Bankruptcy Code's discharge provisions. The parties then agreed to submit the matter to the bankruptcy court pursuant to 28 U.S.C. § 157(c)(1), under which the bankruptcy court would make proposed findings of fact and conclusions of law and submit them to the district court for a *de novo* review and entry of a final order. (Joint Appendix (J.A.) 50).[1] In the proceedings before the bankruptcy court, 148 B.R. 824, the parties disputed which statute should determine whether the Grewes could recover attorneys' fees from the IRS. The IRS argued that 26 U.S.C. § 7430 of the Internal Revenue Code (IRC) governed. Under that statute, the IRS claimed the Grewes could not recover any attorneys' fees because they failed to exhaust their administrative remedies within the IRS before filing their adversary proceeding in the bankruptcy court. In re-

---

1. That statute provides, in relevant part:
   A bankruptcy court may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and after reviewing *de novo* those matters to which any party has timely and specifically objected.
   28 U.S.C. § 157(c)(1) (1993 Supp.).

sponse, the Grewes claimed that the EAJA, 28 U.S.C. § 2412(b), rather than the IRC, dictated whether the Grewes could recover attorneys' fees in the present case.

In the bankruptcy court's proposed findings of fact and conclusions of law (J.A. 49–62), it found that the EAJA, rather than the IRC, dictated whether the Grewes could recover attorneys' fees. The bankruptcy court then recommended that, pursuant to the EAJA, the Grewes should be awarded attorneys' fees totalling $2,035. (J.A. 61). After the IRS filed objections, the bankruptcy court submitted its proposed findings of fact and conclusions of law, along with the IRS's objections, to the United States District Court for the Northern District of West Virginia. Upon a *de novo* review, the district court entered an order accepting and adopting in whole the bankruptcy court's proposed findings of fact and conclusions of law. (J.A. 84). Pursuant to the district court's order, the bankruptcy court then entered judgment against the IRS in the amount of $2,035. (J.A. 86).

The IRS now appeals.

## II

■ On appeal, the IRS claims that the district court erred when it ruled that the EAJA, rather than the IRC, applied to the Grewes' request for attorneys' fees. In support, the IRS relies on 28 U.S.C. § 2412(e) of the EAJA, which expressly provides that "the provisions of this section shall not apply to any [request for] fees ... in connection with any proceeding to which section 7430 of the Internal Revenue Code ... applies." Because the Grewes' request for fees stems from a tax matter, the IRS argues that the IRC, rather than the EAJA, determines whether the Grewes may recover attorneys' fees. We find this argument persuasive.

The EAJA, 28 U.S.C. § 2412(b), provides one avenue through which prevailing parties may recover attorneys' fees against the United States or its agencies. Specifically, that statute provides, in relevant part:

[A] court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought ...

against the United States or any agency of the United States ... in any court having jurisdiction of such action....

*Id.* However, the EAJA does not apply to all actions for attorneys' fees against the United States. Section 2412(e) of the EAJA specifically limits the applicability of the EAJA by providing:

The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code applies....

28 U.S.C. § 2412(e). Because the EAJA expressly yields to "any proceeding to which section 7430 of the [IRC] applies," determining which statute applies to a particular request for attorneys' fees necessarily focuses first on the IRC. *Id.* Only if the IRC does not apply may a party rely on the EAJA. The jurisdictional statute within the IRC, 26 U.S.C. § 7430(a), indicates that the IRC applies:

In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection or refund of any tax, interest or penalty under this title....

*Id.* It follows, if the requirements for this statute are met, a court must apply this statute rather than the EAJA in determining whether a request for attorneys' fees against the United States may be granted. *Smith v. Brady*, 972 F.2d 1095, 1099 (9th Cir.1992) (citing *United States v. McPherson*, 840 F.2d 244, 245–46 (4th Cir.1988)).

In the present case, the specific requirements of § 7430(a) at issue are: (a) whether the proceedings qualify as an "administrative or court proceeding"; (b) whether the proceedings were brought "in connection with the ... collection ... of any tax"; and (c) the meaning of "under this title." We conclude that the Grewes' request for attorneys' fees satisfies all three of these requirements and, therefore, IRC § 7430 applies. We discuss our rationale with respect to each requirement separately and in inverse order.

**302**

## A

In finding that the EAJA applied to the present case, the district court partially relied on the fact that "[n]o proceeding in the case at bar was brought under Title 26." (J.A. 52, 85). Thus, the district court interpreted "under this title" in § 7430(a) to modify "any administrative or court proceeding," such that the proceeding had to be brought under Title 26 before § 7430 applied. We reject this interpretation because it conflicts with general rules of statutory construction and established precedent.

■ General statutory interpretation rules require "a limiting clause ... to be applied *only* to the last antecedent." *FTC v. Mandel Bros., Inc.*, 359 U.S. 385, 389, 79 S.Ct. 818, 822, 3 L.Ed.2d 893 (1959). *See also, Huffman v. Commissioner*, 978 F.2d 1139, 1145 (9th Cir.1992); *United States v. Pritchett*, 470 F.2d 455, 459 (D.C.Cir.1972). Accordingly, "under this title" modifies "any tax, interest or penalty," rather than "any administrative or court proceeding." Thus, the proper interpretation of § 7430(a) is that the IRC applies to any proceeding brought in connection with the collection of any tax, interest or penalty *imposed* by Title 26.

The Eighth Circuit's opinion in *United States v. McPeck*, 910 F.2d 509 (8th Cir. 1990), confirms our interpretation. In that case, the IRS made several efforts to collect past due taxes after the taxpayer filed for bankruptcy protection. The taxpayer then filed a motion "under 11 U.S.C. § 362(h) alleging that the IRS had willfully violated the automatic stay." *Id.* at 511. The district court agreed and awarded the taxpayer $2,825 in attorneys' fees. On appeal, the IRS claimed § 7430(a), rather than the EAJA, § 2412(b), dictated whether the taxpayer could recover attorneys' fees. The Eighth Circuit agreed, reasoning: the "I.R.C. § 7430 is applicable here because that section applies to any 'administrative or court proceeding which is brought by or against the United States in connection with the determination, *collection*, or refund of any tax....'" *Id.*, quoting 26 U.S.C. § 7430(a).

Thus, the fact that the taxpayer brought her request for attorneys' fees under Title 11, rather than Title 26, did not preclude the *McPeck* court from applying 26 U.S.C. § 7430(a). We adopt the reasoning in *McPeck* and hold that 26 U.S.C. § 7430(a) is not limited *solely* to requests for attorneys' fees in proceedings which are *brought under* Title 26, but rather to any "administrative or court proceeding" brought in connection with "the determination, collection or refund of any tax" *imposed* by Title 26. 26 U.S.C. § 7430(a).

## B

The IRS and the Grewes also dispute whether the proceedings in the present case were brought "in connection with the determination, collection or refund of any tax...." 26 U.S.C. § 7430(a). The district court found that the proceedings did not satisfy this requirement, reasoning "the proceeding ... at bar [was] rooted in the [IRS's] violation of a § 524 discharge, not in the determination, collection, or refund of any tax." (J.A. 52, 85). We find the district court's rationale unpersuasive.

We begin our discussion by once again focusing on *McPeck*. In that case, the court applied § 7430 to the taxpayers' request for attorneys' fees even though the underlying lawsuit stemmed from the IRS's violation of the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362. Thus, as in the present case, McPeck's action was "rooted in the [IRS's] violation of" the Bankruptcy Code (J.A. 52), but the court nevertheless found that McPeck's action was brought "in connection with the ... *collection* ... of any tax ... under the Internal Revenue Code." *McPeck*, 910 F.2d at 513 (quoting 26 U.S.C. § 7430(a)).

In addition, in *Brady*, 972 F.2d at 1099, the Ninth Circuit applied § 7430 to the taxpayers' request for attorneys' fees despite the taxpayers' contention that their claim was "brought solely to redress violations of their constitutional rights [and] simply ha[d] nothing to do with [their] taxes." *Id.* In that case, after the IRS mistakenly disallowed deductions for the taxpayers' donations to the Church of Scientology, the taxpayers filed suit claiming that the IRS violated their constitutional guarantee to freedom of reli-

gion. After recognizing its mistake, the IRS settled its dispute with the taxpayers. The taxpayers then filed a motion requesting attorneys' fees under the EAJA, which the district court granted.

On appeal, the IRS argued that the IRC, rather than the EAJA, dictated whether the taxpayers could recover attorneys' fees. In response, the taxpayers argued that their underlying action was "brought solely to redress violations of their constitutional rights [and] simply has nothing to do with the [their] taxes." *Id.* The Ninth Circuit accepted the IRS's argument, reasoning: "although there were collateral purposes to the [taxpayers'] suit, it was clearly connected to IRS actions in determining the Smiths' taxes." *Id.*[2]

Under this precedent, any lawsuit "clearly connected to IRS actions in determining [or collecting] taxes," falls within the purview of § 7430(a). *Brady*, 972 F.2d at 1099. In the present case, the proceedings for which the Grewes requested attorneys' fees unquestionably satisfies this test. Specifically, the underlying lawsuit which spawned the Grewes' request for attorneys' fees stemmed from the IRS's impermissible attempt to collect taxes which had previously been discharged. Thus, we think the proceedings in the present case were clearly "brought . . . in connection with the . . . collection . . . of any tax," as described in 26 U.S.C. § 7430(a).

### C

Finally, the Grewes contend that the IRC does not apply in the present case because the proceedings giving rise to their attorneys' fee request are not "administrative or court proceeding[s]" under 26 U.S.C. § 7430(a). In support, the Grewes point to two authorities: (1) 26 U.S.C. § 7430(c)(6), which defines a "court proceeding" as "any civil action brought in a court of the United States (including the Tax Court and the

United States Claims Court)," and (2) *In re Brickell Investment Corp.*, 922 F.2d 696, 701 (11th Cir.1991), where the Eleventh Circuit held that the phrase "court of the United States" in § 7430(c)(6) only includes Article III courts, and thus excludes bankruptcy courts. Because the Grewes initially filed the proceedings to resolve their tax dispute in a bankruptcy court, which is not a "court of the United States" under the IRC, the Grewes conclude that the proceedings in the present case do not qualify as an "administrative or court proceeding" under § 7430(a) and, therefore, the EAJA controls. We disagree.

■ We begin our discussion by noting that the authorities are divided as to whether a bankruptcy court qualifies as a "court of the United States" under the IRC and, therefore, has jurisdiction to award attorneys' fees under § 7430. Although the Eleventh Circuit held in *In re Brickell*, 922 F.2d at 701, that a bankruptcy court is not a "court of the United States" and does not ordinarily have jurisdiction to award attorneys' fees under the IRC, several other authorities either implicitly or explicitly reject this holding. *See, e.g., McPeck*, 910 F.2d 509; *In re Chambers*, 140 B.R. 233, 237 (N.D.Ill.1992); *In re Germaine*, 152 B.R. 619, 627 (9th Cir. BAP 1993); *In re Abernathy*, 150 B.R. at 693; *In re Kreidle*, 145 B.R. 1007, 1016 (Bankr.D.Col.1992).[3] For reasons that follow, we agree with those courts holding that bankruptcy courts qualify as "court[s] of the United States."

In holding that bankruptcy courts do not qualify as "court[s] of the United States" under 26 U.S.C. § 7430, the *Brickell* court relied on the fact that several courts interpreted this phrase to include only Article III courts under Title 28. *See, e.g., In re Davis*, 899 F.2d 1136 (11th Cir.1990); *Matter of Becker's Motor Transp., Inc.*, 632 F.2d 242

---

**2.** *See also, In re Abernathy*, 150 B.R. 688, 694 (Bankr.N.D.Ill.1993), where that court opined: This proceeding is clearly "brought . . . in connection with the determination, collection or refund of any tax, interest or penalty. . . ." 26 U.S.C. § 7430(a). The central theme of the instant proceeding is the IRS's attempts to collect taxes that were discharged in bankrupt-

cy. This proceeding would not have arisen but for the IRS' [sic] attempt to collect discharged income taxes.

**3.** The most recent decision on this issue adopted the reasoning of *Brickell. In re Yochum*, 156 B.R. 816, 818 (D.Nev.1993).

(3d Cir.1980). Because § 7430(c)(6) expressly included only two non-Article III courts—the Tax Court and Claims Court—the *Brickell* court reasoned that Congress must have intended to exclude all other non-Article III courts when it enacted § 7430(c)(6). Specifically, the *Brickell* court opined "[t]he fact that § 7430 expressly extended jurisdiction to the Tax Court and the Claims Court lends further support to our holding that these non-Article III courts would not have otherwise been given jurisdiction under the rubric of 'court of the United States.'" *Brickell*, 922 F.2d at 701. We disagree with this rationale.

Congress originally authorized the creation of bankruptcy courts in the Bankruptcy Reform Act of 1978. Under this Act, Congress assigned bankruptcy courts jurisdiction over "all cases under title 11 [or] related to cases under title 11." 28 U.S.C. §§ 1471(a)–(c) (repealed). Although Congress classified bankruptcy courts as "adjuncts" of the district court, 28 U.S.C. § 151(a) (repealed), Congress intended the bankruptcy courts to be "functionally independent" from the district court. S.Rep. No. 989, 95th Cong., 2d Sess. 16 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5801. Also, by refusing to grant life tenure to its judges, Congress deprived bankruptcy courts of Article III status.

In 1982, the Supreme Court found this broad grant of jurisdiction to non-Article III courts violated the separation of powers underpinning of the Constitution. *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). A plurality of the Court opined "[T]he Bankruptcy Act of 1978 has impermissibly removed most, if not all, of the essential attributes of the judicial power from the Art. III district court, and has vested those powers in a non-Art. III adjunct." *Id.* at 87, 102 S.Ct. at 2880 (internal quotation omitted). In response, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pub.L. No. 98–353, 98 Stat. 333 (codified as amended in various sections of 11 U.S.C. and 28 U.S.C.). Con-

gress intended this Act to remedy the problems depicted in *Marathon* by eliminating the "functional independence" of the bankruptcy court, and instead making it a mere division of the district court. 1 Collier on Bankruptcy § 3.01[2][a] (15th ed. 1993). *See also, In re Northwest Cinema Corp.*, 49 B.R. 479, 480 (Bankr.D.Minn.1985).

Under this new structure, federal district courts exercise original jurisdiction over all "matters and proceedings in bankruptcy," 28 U.S.C. § 1334, and bankruptcy judges "serve as judicial officers of the United States district court established under Article III of the Constitution." 28 U.S.C. § 152(a)(1). Bankruptcy courts are mere "unit[s] of the district court," 28 U.S.C. § 151, and derive their jurisdiction only through 28 U.S.C. § 157(a), which authorizes district courts to refer bankruptcy matters at their discretion to bankruptcy courts.[4] However, district courts retain the power to withdraw any reference from the bankruptcy court. 28 U.S.C. § 157(d). Thus, "while functionally there may appear to be a separate bankruptcy court, for jurisdictional purposes there is only one court, *i.e.*, the district court." *In re Northwest Cinema Corp.*, 49 B.R. at 480.

Because district courts clearly constitute "court[s] of the United States" and bankruptcy courts are not separate from, but rather units or divisions of the district court, we think Congress also intended bankruptcy courts to qualify as "court[s] of the United States" under § 7430(c)(6). The fact that Congress added the parenthetical "including the Tax Court and the Claims Court," without specifically including bankruptcy courts in this statute does not alter our conclusion. Rather, because bankruptcy courts are, for jurisdictional purposes, inseparable from the district court, we believe Congress did not think it necessary to specifically include them in this statute. However, since the Tax Court and Claims Court are non-Article III courts *and* "independent judicial bodies, [they] had to be specifically included in § 7430" to qualify as "court[s] of the United States." *In re Chambers*, 140 B.R. at 237.

---

4. In the Northern District of West Virginia, an order entered on August 24, 1984 by District Judges Maxwell and Kidd automatically refers all bankruptcy matters to the bankruptcy court for that district.

Thus, we hold that bankruptcy courts qualify as "courts of the United States" under § 7430(c)(6).[5]

To hold otherwise would create an anomalous result. Specifically, when Congress enacted § 7430, it provided a mechanism through which taxpayers could resolve their tax disputes with the IRS. As part of this mechanism, Congress imposed a requirement that parties exhaust administrative remedies within the IRS before seeking judicial relief. 26 U.S.C. § 7430(b)(1). The Senate Committee on Finance explained the purpose for this requirement:

> This provision of the amendment is intended to preserve the role that the administrative appeals process plays in the resolution of tax disputes by requiring taxpayers to pursue such remedies prior to litigation. . . . This rule will prevent taxpayers from recovering litigation costs when the litigation might have been avoided or reduced in scope through the use of administrative remedies.

Technical Explanation of Committee Amendment, 127 Cong.Rec.S. 15594 (daily ed. Dec. 16, 1981). *See also, Kenlin Industries, Inc. v. United States,* 927 F.2d 782, 786 (4th Cir.1991). Our court recognizes the importance of such exhaustion requirements:

> Exhaustion [of administrative remedies] allows the administrative agency to act within the sphere of its special competence, to apply its expertise, and to correct its own errors, and it creates a reasonable division of labor between agency and court.

*Mullins Coal Co. v. Clark,* 759 F.2d 1142, 1145 (4th Cir.1985).

However, if bankruptcy courts do not qualify as "court[s] of the United States," then the requirements of § 7430 would not apply when parties seek to resolve their tax disputes with the IRS by filing suit in a bankruptcy court. Under this scenario, parties could avoid the exhaustion requirement imposed by § 7430(b)(1) and still recover attorneys' fees under the EAJA. We doubt Congress desired to create such a loophole or incongruous result. Rather, we believe Congress intended parties to exhaust their administrative remedies within the IRS before seeking *any* judicial relief. Thus, we conclude that Congress intended to include bankruptcy courts within the rubric of "court[s] of the United States" as depicted in § 7430(c)(6).

Because bankruptcy courts qualify as "court[s] of the United States" under § 7430(c)(6), the proceedings in the present case clearly constitute an "administrative or court proceeding" as described within § 7430(a). In addition, since all of the relevant requirements of § 7430(a) are satisfied, we conclude that § 7430 applies to the Grewes' request for attorneys' fees. Finally, because "in the cases to which § 7430 applies it is exclusive and precludes recovery under the EAJA," *Brady,* 972 F.2d at 1099, the district court erred in finding that the EAJA, rather than the IRC, governed the Grewes' request for attorneys' fees.

### III

We next turn to the question of whether the Grewes may recover attorneys' fees under the IRC. Under 26 U.S.C. § 7430 of the IRC, the Grewes must satisfy three elements before recovering attorneys' fees: (1) they must exhaust their administrative remedies; (2) they must be a "prevailing party"; and (3) their claim must be reasonable. *Kenlin,* 927 F.2d at 786. Because the Grewes failed to satisfy the first element, *i.e.,* exhaustion of administrative remedies, we conclude that the Grewes are not entitled to recover attorneys' fees under § 7430.

Section § 7430(b)(1) provides that litigation costs shall not be awarded "unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the [IRS]." Exhausting administrative challenges to the IRS's filing of a federal tax lien requires the taxpayer to "submit[ ] to the district director of the district having jurisdiction over the dispute a written claim for relief reciting facts and circumstances sufficient to show

---

5. This interpretation also complies with the general rule of statutory construction that the parenthetical beginning with "including" enlarges the scope of § 7430(c)(6) rather than limits it. *American Surety Co. v. Marotta,* 287 U.S. 513, 517, 53 S.Ct. 260, 262, 77 L.Ed. 466 (1933).

the nature of the relief requested and that the [taxpayer] is entitled to such relief" and allowing the district director a reasonable time to respond in writing. 26 CFR § 301.-7430(d) (1992). Because the Grewes failed to pursue this administrative remedy, but instead challenged the IRS' actions by immediately filing suit in the bankruptcy court, they cannot recover attorneys' fees under § 7430. *Kenlin,* 927 F.2d at 789 (the "failure [to exhaust administrative remedies] is conclusive against an award of attorney's fees....").[6]

## IV

For the reasons stated herein, we reverse the award of attorneys' fees.

REVERSED.

---

**6.** The Grewes also claim that there was no administrative remedy available "to make the IRS give back money taken in violation of 11 U.S.C. § 524, to stop a levy in violation of that same law, or to have removed a lien· *after* suit was initiated in violation of law." (Brief of Appellees 15). However, 26 CFR § 301.7430(d) provides administrative remedies for IRS "actions involving summonses, *levies, liens* ... and termination assessments, *etc.*" (emphasis added). Thus, this regulation provided the Grewes with an adequate administrative remedy.